**VENABLE LLP**
Ari N. Rothman (SBN 296568)
  anrothman@venable.com
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

**LITIGATION AND BUSINESS LAW GROUP, INC.**
Michael W. Kinney (SBN 106781)
  mkinney@lblglaw.com
41690 Ivy Street, Suite C
Murrieta, California 92562
Telephone:  (951) 296-9910

Attorneys for Non-Party/Objector
JACQUES POUJADE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JASON CARDIFF, et al.,<br><br>Defendants. | CASE NO. 5:18-cv-02104-SJO-PLA<br><br>Hon. S. James Otero<br>Courtroom 10C – West 1st Street<br><br>**DECLARATION OF ARI N. ROTHMAN IN SUPPORT OF JACQUES POUJADE'S THIRD SUPPLEMENT TO HIS RESPONSE TO COURT'S ORDER TO SHOW CAUSE**<br><br>Date:  July 29, 2019<br>Time:  2 p.m.<br>Crtrm:  10C<br><br>Action Filed:  October 10, 2018<br>Trial Date:  None set |

## Declaration of Ari N. Rothman

I, Ari N. Rothman, declare as follows:

1. I am a litigation partner at Venable LLP, counsel Non-Party/ Objector Jacques Poujade in the above-entitled action. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. A true and correct copy of correspondence, and a notice of discontinuance and related documents, that I received from counsel for True Pharmastrip, Inc. and Pharmastrip Corp., Stephen Brown-Okruhlik of McMillan, is attached as **Exhibit A**.

3. I provided notice of the discontinuance to the Federal Trade Commision and the receiver on July 31, 2019, via the email attached hereto as **Exhibit B**.

4. I sent a copy of Exhibit A to the Federal Trade Commision and the receiver on August 1, 2019, via the email attached hereto as **Exhibit C**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 2, 2019, in Los Angeles, California.

Ari N. Rothman

2

ROTHMAN DECL. ISO OF JACQUES POUJADE'S
THIRD SUPPLEMENT TO COURT'S ORDER TO SHOW CAUSE
(Case No.: 5:18-cv-02104-SJO-PLA)

# EXHIBIT A



Reply to the Attention of: Stephen Brown-Okruhlik
Direct Line: 416.865.7043
Email Address: stephen.brown-okruhlik@mcmillan.ca
Our File No.: 267662
Date: July 30, 2019

DELIVERED

Superior Court of Justice
393 University Avenue
10th Floor
Toronto, Ontario
M5G 1E6

Dear Sirs/Mesdames:

Re: *True Pharmastrip Inc. et al v. Jason Cardiff et al*
Court File No. CV-19-00624486-0000

We are counsel for the plaintiffs in the above captioned action. This action was initiated by Statement of Claim issued on July 26, 2019. The Statement of Claim has not been served on the defendants or any other party. The plaintiffs wish to discontinue the action. Enclosed with this letter is the plaintiffs' Notice of Discontinuance. As no party has been served with the Statement of Claim, in accordance with Rule 23.01 of the *Rules of Civil Procedure*, we are not serving the Notice of Discontinuance on any party before filing it with the Court. I enclose with this letter an affidavit in which I state that no party has been served with the Statement of Claim.

For your reference, I am enclosing with this letter the decision of the Ontario Court of Appeal in *Burtch v. Barnes Estate*, [2006] O.J. No. 1621, in which the Court of Appeal confirms that in these circumstances it is not necessary to serve the Notice of Discontinuance or deliver an affidavit of service in order to discontinue an action (see paragraphs 10-12).

Yours truly,

Stephen Brown-Okruhlik

McMillan LLP I Brookfield Place, 181 Bay Street, Suite 4400, Toronto, Ontario, Canada M5J 2T3 I t 416.865.7000 I f 416.865.7048
Lawyers I Patent & Trademark Agents I Avocats I Agents de brevets et de marques de commerce
Vancouver I Calgary I Toronto I Ottawa I Montréal I Hong Kong I mcmillan.ca

LEGAL_31629069.1

Exhibit A - 03

Court File No.: CV-19-00624486-0000

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

B E T W E E N :

**TRUE PHARMASTRIP INC. AND PHARMASTRIP CORP.**

Plaintiffs

- and -

**JASON CARDIFF and EUNJUNG CARDIFF**

Defendants

**NOTICE OF DISCONTINUANCE**

The plaintiffs wholly discontinue this action.

July 30, 2019

McMillan LLP
Brookfield Place
181 Bay St, Suite 4400
Toronto ON  M5J 2T3

**Stephen Brown-Okruhlik   LS#: 66576P**
stephen.brown-okruhlik@mcmillan.ca
Tel: 416.865.7043
Fax: 416.865.7048

Lawyers for the Plaintiffs

| | | |
|---|---|---|
| TRUE PHARMASTRIP INC. AND PHARMASTRIP CORP.<br>Plaintiffs | and | JASON CARDIFF and EUNJUNG CARDIFF<br>Defendants |

Court File No.: CV-19-00624486-0000

The Statement of Claim was not served on the defendants.

*[signature]*

Stephen Brown-Okruhlik
McMillan LLP

July 30, 2019

***ONTARIO*
SUPERIOR COURT OF JUSTICE**

Proceeding commenced at TORONTO

**NOTICE OF DISCONTINUANCE**

McMillan LLP
Brookfield Place
181 Bay St, Suite 4400
Toronto ON  M5J 2T3

**Stephen Brown-Okruhlik   LS#: 66576P**
stephen.brown-okruhlik@mcmillan.ca
Tel: 416.865.7043
Fax: 416.865.7048

Lawyers for the Plaintiffs

LEGAL_31625722.2

Court File No.: CV-19-00624486-0000

# ONTARIO
## SUPERIOR COURT OF JUSTICE

BETWEEN:

**TRUE PHARMASTRIP INC. AND PHARMASTRIP CORP.**

Plaintiffs

- and -

**JASON CARDIFF and EUNJUNG CARDIFF**

Defendants

### AFFIDAVIT OF STEPHEN BROWN-OKRUHLIK
(Sworn July 30, 2019)

I, **STEPHEN BROWN-OKRUHLIK**, of the City of Toronto, in the Province of Ontario, **MAKE OATH AND SAY**:

1. I am a lawyer at McMillan LLP, the law firm representing the plaintiffs in this action, and therefore have personal knowledge of the matters to which I herein depose.

2. This action was commenced by Statement of Claim issued on Friday, July 26, 2019. The plaintiffs have instructed McMillan LLP to discontinue this action and we have prepared a Notice of Discontinuance to be filed with the Court. The Statement of Claim has not been served on the defendants or on any other party. In accordance with Rule 21.03 of the *Rules of Civil Procedure*, we have not served the Notice of Discontinuance on any party, as the Rule only requires service upon parties that have been served with the Statement of Claim.

SWORN BEFORE ME at the City of Toronto in the Province of Ontario, this 30th day of July, 2019.

_____
A Commissioner for taking Affidavits *(or as may be)*

**Guneev Bhinder**
Barrister and Solicitor
in the Province of Ontario

_____
STEPHEN BROWN-OKRUHLIK

LEGAL_31630195.1

Exhibit A - 06

| TRUE PHARMASTRIP INC. AND PHARMASTRIP CORP.<br>Plaintiffs | and | JASON CARDIFF and EUNJUNG CARDIFF<br>Defendants | Court File No.: CV-19-00624486-0000 |
|---|---|---|---|

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at TORONTO

**AFFIDAVIT OF**
**STEPHEN BROWN-OKRUHLIK**
**(Sworn July 30, 2019)**

**McMillan LLP**
Brookfield Place
181 Bay St, Suite 4400
Toronto ON  M5J 2T3

**Stephen Brown-Okruhlik   LS#: 66576P**
stephen.brown-okruhlik@mcmillan.ca
Tel: 416.865.7043
Fax: 416.865.7048

Lawyers for the Plaintiffs

2006 CarswellOnt 2423
Ontario Court of Appeal

Burtch v. Barnes Estate

2006 CarswellOnt 2423, [2006] O.J. No. 1621, 209 O.A.C. 219,
20 M.P.L.R. (4th) 160, 27 C.P.C. (6th) 199, 80 O.R. (3d) 365

## VERA BURTCH AND KEN BURTCH (Plaintiffs / Respondents) and THE ESTATE OF KYLE BARNES, DECEASED, MARTHA BARNES, HER MAJESTY THE QUEEN IN RIGHT OF THE PROVINCE OF ONTARIO REPRESENTED BY THE MINISTER OF TRANSPORTATION FOR THE PROVINCE OF ONTARIO, THE DISTRICT MUNICIPALITY OF MUSKOKA AND THE TOWNSHIP OF MUSKOKA LAKES (Defendants) and THE DISTRICT MUNICIPALITY OF MUSKOKA (Third Party / Appellant)

Laskin, Cronk, Lang JJ.A.

Heard: March 27, 2006
Judgment: April 25, 2006
Docket: CA C44270

Proceedings: reversing in part *Burtch v. Barnes Estate* (2005), 2005 CarswellOnt 4505 (Ont. S.C.J.)

Counsel: Brennan L. Kahler for Respondents
Anne E. Spafford, James Fireman for Appellant, The District Municipality of Muskoka

*Laskin J.A.*:

### A. Introduction

1   This appeal concerns the validity of a notice of discontinuance filed by the plaintiffs and the plaintiffs' right to add a party after the expiry of a limitation period.

2   On July 14, 2002, the plaintiff Vera Burtch was severely injured in a car accident on Highway 118 in the District Municipality of Muskoka ("Muskoka"). The plaintiffs issued a notice of action naming several defendants, including Muskoka. The notice of action was issued on October 8, 2002, within the three-month limitation period then applicable for suing a municipality for failing to maintain or repair a highway.

3   On November 5, 2002, the plaintiffs filed a statement of claim naming Muskoka as a defendant. However, simultaneously with its filing, the plaintiffs filed a notice of discontinuance against Muskoka.

4   In February 2004, nineteen months after the accident, two of the defendants issued a third-party claim against Muskoka. In March 2005, nearly three years after the accident, the plaintiffs brought a motion for a declaration that their notice of discontinuance was invalid or for an order that Muskoka be added as a defendant in the action. The plaintiffs contended that they had recently discovered that a dangerous shoulder drop-off, which Muskoka had failed to repair, had contributed to the accident.

5   By an order dated September 16, 2005, Keenan J. granted the relief sought by the plaintiffs. He declared that the plaintiffs did not discontinue their action against Muskoka because their notice did not comply with rule 23.01 of the *Rules of Civil Procedure*, R.R.O. 1990, Reg. 194. Alternatively, he granted the plaintiffs leave to amend their statement of claim to add Muskoka as a defendant. He did so on the ground that the plaintiffs' cause of action was not "discoverable" until well after the expiry of

1

the limitation period. The motion judge, however, did give Muskoka the right to plead and rely on the limitation period in its statement of defence.

6   Muskoka appeals. Its appeal raises two main issues:

(1) Did the motion judge err in concluding that the notice of discontinuance was invalid for failure to comply with rule 23.01?

(2) Did the motion judge err in applying the discoverability principle to postpone the running of the limitation period? Related to the second issue are questions about the effect of the motion judge's order adding Muskoka as a defendant, and whether that order is final or interlocutory.

7   For the reasons that follow, I have concluded that the notice of discontinuance was valid, but that the motion judge did not commit a reviewable error in permitting the plaintiffs to add Muskoka as a defendant.

**B. Discussion**

*First Issue: Did the motion judge err in concluding that the notice of discontinuance was invalid?*

8   The plaintiffs filed both their statement of claim and their notice of discontinuance against Muskoka and others on November 5, 2002. The motion judge held that the notice of discontinuance did not validly discontinue the action against Muskoka, because the plaintiffs did not meet two of the requirements of rule 23.01: they did not serve the notice of discontinuance on Muskoka, and, though they filed the notice with the court, they did not file proof of service. In my view, neither requirement relied on by the motion judge invalidated the notice.

9   Rule 23.01 states:

A plaintiff may discontinue all or part of an action against any defendant,

(a) before the close of pleadings, by serving on all parties who have been served with the statement of claim a notice of discontinuance (Form 23A) and filing the notice with proof of service;

(b) after the close of pleadings, with leave of the court; or

(c) at any time, by filing the consent of all parties.

10   Under rule 23.01(a), before the close of pleadings, a plaintiff is entitled to discontinue an action against a defendant by filing a notice. In this case, pleadings had not been closed, so the plaintiffs were entitled to discontinue. They served their notice of discontinuance on the other defendants but not on Muskoka. However, rule 23.01 states that only a party served with a statement of claim has to be served with a notice. The plaintiffs did not serve Muskoka with a statement of claim. Therefore, they were not required to serve Muskoka with the notice of discontinuance. The motion judge therefore erred in holding that the lack of service invalidated the notice.

11   The plaintiffs filed the notice of discontinuance without an affidavit of service. Although his reasons are not entirely clear, the motion judge seems to have held that the lack of an affidavit of service also invalidated the notice of discontinuance. This was an error for three reasons.

12   First, no affidavit of service was needed to discontinue against Muskoka, since it did not have to be served with the notice.

13   Second, even if an affidavit was required because other defendants were served with the notice, the lack of an affidavit was an irregularity that did not invalidate the notice. This is evident from rule 2.01, which addresses the effect of non-compliance with the rules:

2

Exhibit A - 09

A failure to comply with these rules is an irregularity and does not render a proceeding or a step, document or order in a proceeding a nullity ....

14   Third, I do not think that the plaintiffs can rely on their own default to invalidate their notice. A notice of discontinuance was served on all necessary parties, and was filed with the court. It was therefore a valid notice. The plaintiffs discontinued their action against Muskoka on November 5, 2002.

*Second Issue: Did the motion judge err in applying the discoverability principle to postpone the running of the limitation period?*

15   The motion judge said that if he was wrong in holding that the notice of discontinuance was invalid, he would apply the discoverability principle and grant the plaintiffs leave to add Muskoka as a defendant. Although he did not specify the date Muskoka was to be added, I take the date to be September 16, 2005, the date of his order. This date is well outside the three-month limitation period, and the motion judge gave Muskoka the right to plead a limitation period defence.

16   Before dealing with Muskoka's submission on the issue itself, I will deal briefly with two subsidiary questions that arose during oral argument — the effect of this alternative relief, and whether the motion judge's order was final or interlocutory for the purpose of appeal.

17   Muskoka contended that the alternative relief granted by the motion judge — permitting the plaintiffs to add Muskoka as a defendant — was an "advisory opinion" and not an operative part of his order. In her able argument for Muskoka, Ms. Spafford pointed out that invalidating the notice of discontinuance and adding Muskoka as a defendant were inconsistent forms of relief and could not stand together. Therefore, she argued that the only operative part of the motion judge's order was his declaration that the notice of discontinuance was invalid.

18   I do not accept this argument. The motion judge granted the plaintiffs alternative relief in case an appellate court found that he was wrong about the notice of discontinuance. His decision that the plaintiffs could add Muskoka as a defendant is a formal part of his order (paragraph 3), and I think we should deal with it on that basis.

19   During oral argument, the court raised with counsel whether the order adding Muskoka as a defendant, subject to its right to plead the limitation period, was final or interlocutory. Standing on its own, it seems to me that the order is interlocutory and therefore appealable, only with leave, and not as of right. This case is distinguishable from *Ball v. Donais* (1993), 13 O.R. (3d) 322 (Ont. C.A.) because it does not finally dispose of Muskoka's substantive right to rely on a limitation period defence.

20   Ms. Spafford, however, has persuaded me that in the context of the motion judge's order as a whole, she was entitled as of right to appeal the part of the motion judge's order adding Muskoka as a defendant. The part of his order declaring the notice of discontinuance invalid was unquestionably a final order, appealable to this court as of right. It would make no practical sense to require Muskoka, at the same time as it was appealing to this court, to seek leave to appeal to the Divisional Court from the alternative relief granted by the motion judge. Thus, I would treat his entire order as final for the purpose of this appeal.

21   I now turn to the question whether the motion judge committed a reviewable error in applying the discoverability principle to postpone the running of the limitation period. The rationale underlying the discoverability principle is that it would be unjust to permit a statutory limitation period to run before the plaintiffs knew, or by reasonable diligence could have known, they could bring an action. The principle applies to the limitation period at issue in this lawsuit, former s. 284(2) of the *Municipal Act*, R.S.O. 1990, c. M. 45, which provided that, "No action shall be brought against a corporation for the recovery of damages occasioned by such default [lack of repair] ... after the expiration of three months from the time the damages were sustained."[1] See *Zapfe v. Barnes* (2003), 66 O.R. (3d) 397 (Ont. C.A.) at para. 22; and *Bourne v. Saunby* (1998), 38 O.R. (3d) 555 (Ont. C.A.), at 562.

22   The motion judge's order applying the discoverability principle to permit the plaintiffs to add Muskoka as a defendant is a discretionary order. The well-established standard of review of discretionary orders applies. An appellate court should defer

3

to the motion judge's order unless he exercised his discretion unreasonably or acted on a wrong principle. See for example, *Kostopoulos v. Jesshope* (1985), 50 O.R. (2d) 54 (Ont. C.A.).

23   Muskoka submits that the motion judge exercised his discretion unreasonably for two reasons: first, he ought not to have applied the discoverability principle because the plaintiffs had sued Muskoka within the limitation period; and second, he erred in leaving the question of the plaintiffs' reasonable diligence to trial because there was no evidence before him that the plaintiffs had acted diligently. I do not agree with either submission.

24   This is an unusual case in which to apply the discoverability principle because the plaintiffs initially named Muskoka in their notice of action. However, the affidavit of one of their lawyers said that they did so "out of an abundance of caution", and not because they had any facts to support a claim against Muskoka. Discoverability means more than just knowing the identity of a potential tortfeasor. It also means knowledge of facts — acts or omissions — that may give rise to a cause of action against the tortfeasor. See *Zapfe, supra* at para. 32. Thus, the plaintiffs' suing Muskoka did not preclude the motion judge from applying the discoverability principle, nor did it make the exercise of his discretion unreasonable.

25   To take advantage of the discoverability principle, the plaintiffs had to show that before they sought to add Muskoka as a defendant, they neither knew, nor by reasonable diligence could have known, that they had a claim against Muskoka. Here, Muskoka does not suggest that the plaintiffs knew they had a claim against it before the fall of 2004. Its focus is on the reasonable diligence requirement. It submits that on this record there was no evidence the plaintiffs acted diligently. Thus, they should not be entitled to add Muskoka as a defendant at this late stage.

26   The motion judge took a contrary view. He held at paras. 20-21 that the question whether the plaintiffs exercised reasonable diligence should be left to the trial judge:

> When there is a dispute concerning the exercise of due diligence on the part of the plaintiff it is necessary to give appropriate consideration to all the facts and the credibility of witnesses with relation to that issue. That is something that can be determined at trial. See *Wong v. Adler*, [2004] O.J. No. 1575 (S.C.J.).
>
> The issue with respect to due diligence in the prosecution of the claim can be raised by the defendant at trial. The defendant would have the right to assert its rights under the limitation period if it is shown at trial that the plaintiffs have failed to exercise due diligence in the prosecution of the claim.

27   The motion judge's order is appropriate if the plaintiffs put forward some evidence of their diligence, and the question whether they exercised reasonable diligence cannot be decided at the pleading stage. See *Zapfe, supra* at para. 37. It seems to me that the plaintiffs put forward enough evidence to support the motion judge's disposition.

28   The driver of the other car died as a result of the accident, so that the only account of what had occurred was that of the plaintiffs. However, the plaintiffs' lawyers did take steps to investigate the cause of the accident. In 2003, they made a freedom of information request to obtain the Ontario Provincial Police reports of the accident. But it was not until two events occurred in 2004 that the plaintiffs became aware of a potential claim against Muskoka.

29   In July 2004, the plaintiffs received a police officer's collision reconstructionist report, which showed that the highway shoulder drop-off may have caused the defendant driver to lose control of his car. Then, in September 2004, an articling student from the plaintiffs' lawyer's law firm went to the discovery of a representative of Muskoka in the third party action. The student learned that Muskoka may have allowed the shoulder drop-off to develop and then failed to repair it. Armed with the collision report, and the information from the discovery, the plaintiffs brought their motion. Whether they exercised reasonable diligence, or could have discovered their claim against Muskoka much earlier needs to be canvassed on a full evidentiary record. That was how the motion judge saw it. I cannot say that his view was unreasonable.

**C. Conclusion**

30   The notice of discontinuance of the action against Muskoka was valid. However, the motion judge exercised his discretion reasonably in granting the plaintiffs leave to amend their statement of claim to add Muskoka as a defendant.

31   Accordingly, I would allow the appeal in part by deleting paragraphs 1 and 2 of the motion judge's order, and substituting a paragraph declaring that the notice of discontinuance dated November 5, 2002 validly discontinued the action against Muskoka. For clarity, I would amend paragraph 3 of the motion judge's order to provide:

> This court grants leave to the plaintiffs to amend the statement of claim and add the District Municipality of Muskoka as a defendant to this action. It shall be added effective September 16, 2005 and shall have the right to plead and rely on the limitation defence in s. 284(2) of the *Municipal Act*, R.S.O. 1990, c. M. 45.

I would otherwise dismiss the appeal.

32   In the light of my disposition, the parties may make written submissions on the costs of the motion, and of the appeal within thirty days of the release of these reasons.

*Cronk J.A.*:

I agree.

*Lang J.A.*:

I agree.

*Appeal allowed in part.*

Footnotes

1   The limitation period for actions against municipalities for non-repair is now governed by the new *Limitations Act*, S.O. 2002, c. 24.

# EXHIBIT B

**Ari N. Rothman, Esq.** | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

---

**From:** Rothman, Ari N.
**Sent:** Friday, July 26, 2019 17:30
**To:** esanger@ftc.gov; mfletcher@frandzel.com; SMODELL@ftc.gov; JPRUNTY@ftc.gov; sprocter@ftc.gov; michael@thurman-legal.com; jdw@jamesdwhitelaw.com; mkinney@lblglaw.com; bkane@robbevans.com; ajen@robbevans.com; hgoldflam@frandzel.com; cwelin@frandzel.com
**Cc:** Knowles, Jeffrey D. <JDKnowles@Venable.com>; Colaizzi, Roger A. <RColaizzi@Venable.com>; Vega, Belinda M. <BMVega@Venable.com>; Verrocchio, Vincent E. <VEVerrocchio@Venable.com>; Rinehart, Liz Clark <LCRinehart@venable.com>
**Subject:** FTC v. Jason Cardiff et al. | Case No.: 5:18-cv-02104-SJO-PLA | Notice of Lawsuit Against Cardiffs

Dear All:

We might refer or use at the hearing on Monday the attached lawsuit filed against the Cardiffs today.

**Ari N. Rothman, Esq.** | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

1

# EXHIBIT C

**From:** Sanger, Elizabeth [mailto:esanger@ftc.gov]
**Sent:** Wednesday, July 31, 2019 22:58
**To:** Rothman, Ari N. <ANRothman@Venable.com>
**Cc:** mfletcher@frandzel.com; Modell, Shira D. <SMODELL@ftc.gov>; Prunty, James A. <JPRUNTY@ftc.gov>; Procter, Stacy <sprocter@ftc.gov>; michael@thurman-legal.com; jdw@jamesdwhitelaw.com; mkinney@lblglaw.com; bkane@robbevans.com; ajen@robbevans.com; hgoldflam@frandzel.com; cwelin@frandzel.com; Knowles, Jeffrey D. <JDKnowles@Venable.com>; Colaizzi, Roger A. <RColaizzi@Venable.com>; Vega, Belinda M. <BMVega@Venable.com>; Verrocchio, Vincent E. <VEVerrocchio@Venable.com>; Rinehart, Liz Clark <LCRinehart@venable.com>; Rodriguez, Edwin <ERODRIGUEZ@ftc.gov>
**Subject:** Re: FTC v. Jason Cardiff et al. | Case No.: 5:18-cv-02104-SJO-PLA | Notice of Lawsuit Against Cardiffs

Hi Ari,
Please add Edwin Rodriguez to emails to FTC, copied now on this chain.
Thanks,
Liz

Sent from my mobile phone

On Jul 31, 2019, at 5:53 PM, Rothman, Ari N. <ANRothman@venable.com> wrote:

> Dear All:

1

Exhibit C - 14

True Pharmastrip and Pharmastrip Corp.'s Canadian counsel filed whatever they deemed appropriate to discontinue the lawsuit reflected in the complaint I sent to you below.  My firm does not have the papers filed but we will send them to you when we receive them.

Ari

**Ari N. Rothman, Esq.** | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

---

**From:** Rothman, Ari N.
**Sent:** Friday, July 26, 2019 17:30
**To:** esanger@ftc.gov; mfletcher@frandzel.com; SMODELL@ftc.gov; JPRUNTY@ftc.gov; sprocter@ftc.gov; michael@thurman-legal.com; jdw@jamesdwhitelaw.com; mkinney@lblglaw.com; bkane@robbevans.com; ajen@robbevans.com; hgoldflam@frandzel.com; cwelin@frandzel.com
**Cc:** Knowles, Jeffrey D. <JDKnowles@Venable.com>; Colaizzi, Roger A. <RColaizzi@Venable.com>; Vega, Belinda M. <BMVega@Venable.com>; Verrocchio, Vincent E. <VEVerrocchio@Venable.com>; Rinehart, Liz Clark <LCRinehart@venable.com>
**Subject:** FTC v. Jason Cardiff et al. | Case No.: 5:18-cv-02104-SJO-PLA | Notice of Lawsuit Against Cardiffs

Dear All:

We might refer or use at the hearing on Monday the attached lawsuit filed against the Cardiffs today.

**Ari N. Rothman, Esq.** | **Venable LLP**
**office** +1 202.344.4220 | **mobile U.S.** +1 818.925.6114 | **mobile worldwide** +44 7452.382668
600 Massachusetts Avenue, NW, Washington, DC 20001
ANRothman@Venable.com | www.venable.com/ari-n-rothman

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************