# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Federal Trade Commission**,
    Plaintiff,
    v.

**Jason Cardiff, et al.**,
    Defendants.

No. ED 5:18-cv-02104-SJO-PLAx

**STIPULATED PROTECTIVE ORDER**

1. **GENERAL**

    1.1    <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      1.2    <u>Good Cause Statement</u>.  This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure may be warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public

manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

    2.1    Action: Federal Trade Commission v. Jason Cardiff, et al., Civil Action No. ED 5:18-cv-02104-SJO-PLAx (C.D. Cal.).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    Commission: the Plaintiff, Federal Trade Commission.

    2.4    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.5    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.6    Designating Party: a Party or Non-Party or the Receiver that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party, Non-Party, or Receiver in this Action but are retained to represent or advise a Party, Non-Party, or Receiver in this Action and have appeared in this Action on behalf of that Party, Non-Party, or Receiver or are affiliated with a law firm that has appeared on behalf of that Party, Non-Party, or Receiver, including support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party or the Receiver that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16 Receiver: the Receiver in this Action, Robb Evans & Associates LLC, including all of its officers, directors, employees, House Counsel, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.17 Receiving Party: a Party or the Receiver that receives Disclosure or Discovery Material from a Producing Party.

2.18 <u>Undercover Information</u>: any information relating to undercover identities that Commission employees used in connection with their investigation, including undercover names and any related phone numbers, email addresses, physical addresses, credit card numbers, or other payment information

## 3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Non-Parties, Receiver, or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. **DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See <u>Kamakana v. City and Cty. of Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

# 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. A Party, Non-Party, or the Receiver that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. For each document production that contains Protected Material, the Designating Party's counsel must provide a signed declaration at the time of production that: (A) certifies that information designated as Protected Material contains information not known to be in the public domain; and (B) identifies the specific or cognizable harm that would result if the Protected Materials were disclosed to the public or to unauthorized persons. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (<u>e.g.</u>, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (<u>see, e.g.</u>, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party, Non-Party, or the Receiver that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to fourteen days to identify the specific portions of the testimony as to which protection is sought. Only those

portions of the testimony that are appropriately designated for protection within fourteen days following the deposition shall be covered by the provisions of this Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for data obtained by the Commission that are the subject of the Court's September 10, 2019 Stipulated Order Requiring Defendants Eunjung and Jason Cardiff to Turn Over Their Mobile Phones to the Plaintiff (Dkt. 217), the Cardiffs may designate any of those data as Confidential within 30 days after the data are produced by the Commission to the Cardiffs; during those 30 days, all such data obtained by the Commission shall be treated as confidential in accordance with the Court's Standing Order (Dkt. 80).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, but a recipient's prior disclosure of newly designated Protected Material shall not violate this Order. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     UNDERCOVER INFORMATION**

The Commission's Undercover Information is protected from discovery. The Commission may redact Undercover Information from any Court filings,

hearing or deposition exhibits, or discovery responses. No Party or Non-Party may obtain Undercover Information from the Commission unless the Court finds that there is good cause for a party to receive such information.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    7.1    <u>Timing of Challenges</u>. Any Party or Non-Party or the Receiver may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    7.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, <u>et seq.</u> Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

    7.3    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (<u>e.g.</u>, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    8.1    <u>Basic Principles</u>. Except as provided in Sections 8.3 and 8.4, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions

described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     the Parties;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or FTC Form X33-Nondisclosure Agreement for Contractors (Exhibit B);

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     the Receiver and the Receiver's Outside Counsel of Record in this action;

(h) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) any person (and his or her attorneys) who had prior access to the Protected Material or participated in a communication that is the subject of the Protected Material;

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(k) any other witnesses or persons whom the Receiving Party believes in good faith may be witnesses (and their respective counsel), provided that they have signed Exhibit A or Exhibit B;

(l) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(m) any other persons or entities as required by law or as authorized by this Court.

8.3 <u>Statutory and Regulatory Requirements Relating to the Commission</u>. Notwithstanding the limitations set forth in Section 8.2 and subject to taking appropriate steps to preserve confidentiality, the Commission may use or disclose Protected Material to other governmental entities, as provided by 16 C.F.R. §§ 4.9–

4.11, 15 U.S.C. §§ 46(f) and 52, or any other legal obligation imposed upon the Commission. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

8.4 <u>Duties of the Receiver</u>. Notwithstanding the limitations set forth in Section 8.2 and subject to taking appropriate steps to preserve confidentiality, the Receiver may disclose Protected Material to: (1) state or federal agencies, including the Internal Revenue Service and law enforcement agencies, as necessary to fulfill the Receiver's duties in this action; or (2) other persons when necessary to protect the interests of the Receivership Estate.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party or the Receiver is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," it must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party or the Receiver served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a

determination by the court from which the subpoena or order issued, unless the Party or the Receiver has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party or the Receiver is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party or the Receiver is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party or the Receiver shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for

production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

13. **MISCELLANEOUS**

    13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, neither any Party nor the Receiver waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, neither any Party nor the Receiver waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    13.3   Filing Protected Material. Anyone who seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. **FINAL DISPOSITION**

    After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material (including all copies, abstracts, compilations, summaries, and any other format

reproducing or capturing any of the Protected Material) to the Producing Party or destroy such material, except as follows:

  A. Designating parties may maintain copies of all of their own Protected Material.

  B. The Commission shall retain, return, or destroy Protected Material in accordance with 16 C.F.R. § 4.12, and may retain such information to assist with other ongoing law enforcement matters or policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials.

  C. Any law enforcement agency other than the Commission that has received copies of any Protected Material may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials.

  D. Any congressional committee may maintain copies of Protected Materials obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

**DATED:** __September 24__, 2019

_____
**PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

**Exhibit A**

Acknowledgement and Agreement to Be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Federal Trade Commission v. Jason Cardiff, et al., Case No. 18-cv-02104-SJO-PLAx. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceeding occurs after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent of service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

       [printed name]

Signature: _____

       [signature]



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

## NONDISCLOSURE AGREEMENT FOR CONTRACTORS

**(1)** ***Disclosure of FTC materials and information.*** I will not divulge FTC materials and information for any purpose to any person other than an authorized person.

- "FTC materials and information" includes both materials and information provided to me by the FTC (whether the FTC received such materials and information from a submitter or generated them internally) and produced by me pursuant to my work for the FTC. It includes materials and information in any form, including, for example, electronic form, and it includes information identifying the existence of a nonpublic FTC investigation.

- An "authorized person" is

    (1) a member of the FTC staff, or
    (2) other contractor personnel from whom the Contracting Officer has received a signed FTC "Nondisclosure Agreement for Contractors."

**(2)** ***Use of FTC materials and information.*** I will not directly or indirectly use, or allow the use of, FTC materials and information for any purpose other than that directly associated with my officially assigned duties. I will not reveal the nature or content of FTC materials and information to any unauthorized person, either by direct action, counsel, recommendation or suggestion.

**(3)** ***Return of FTC materials and information.*** At the conclusion of my work under this contract, I will return to the FTC (or destroy, at the request of the Contracting Officer's Technical Representative) all FTC materials, including copies, and all records containing FTC materials and information.

Consistent with the above, I understand that all reports or data first produced during my contract with the FTC and in connection with that contract shall be the sole property of the government.

None of these provisions shall limit disclosures: (1) at and consistent with directions of FTC staff, during an adjudicative or judicial proceeding to which the FTC is a party; or (2) with the written consent of the FTC General Counsel, or the General Counsel's delegate, which consent can only be given if consistent with the FTC Act, the FTC's Rules of Practice, and any other applicable laws, regulations, or orders.

Sanctions for misuse of FTC materials and information may include a fine of up to $10,000, imprisonment of up to ten years, or both.

_____ (typed or printed name)

_____ (signature)   _____ (company)

_____ (date)   _____ (contract number)

(At the time of contract award, the Contracting Officer is _____;

the Contracting Officer's Technical Representative is _____ )

FTC Form **X33** (rev. 4/06)