UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Priority | ___ |
| Send | ___ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** CV 5:18-2104 SJO (PLAx)     **DATE:** October 29, 2019

**TITLE:**     Federal Trade Commission v. Jason Cardiff, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER OVERRULING NON-PARTY JACQUES POUJADE'S ALTERNATIVE [PROPOSED] ORDER AND OBJECTION TO FTC'S [PROPOSED] ORDER REGARDING AUGUST 27 HEARING** [ECF No. 226]

This matter comes before the Court on Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Proposed Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents, filed October 3, 2019. (ECF No. 225.) Third Party Jacques Poujade ("Poujade") filed Objections and Proposed Alternative Order on October 3, 2019. (ECF No. 226.) Plaintiff filed a Supplement to Objections on October 9, 2019. (ECF No. 227.) Poujade filed a Response to Plaintiff's Supplement on October 11, 2019. (ECF No. 228.) Additional related pleadings are enumerated in the Procedural Background, Section I.B., below.

The Court issues this Order in conjunction with its Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents.

   I.   BACKGROUND

On October 10, 2018, this Court entered a temporary restraining order ("TRO"). (TRO, ECF No. 29.) On October 24, 2018, the Court extended the TRO to Defendants Eunjung and Jason Cardiff (collectively, "Defendants" or "the Cardiffs"). (ECF No. 48.) On November 7, 2018, the Court granted a preliminary injunction ("PI") as to Defendants. (ECF No. 59.) Following entry of the Court's TRO and PI, the parties filed numerous pleadings related to a motion for contempt.

**First,** Plaintiff filed a Notice of Motion and Motion for Order to Show Cause re: Contempt re Defendants Eunjung and Jason Cardiff and Third Party Jacques Poujade ("Motion for OSC") on June 17, 2019. (Motion for OSC, ECF No. 134.) This Court issued its Order to Show Cause Why Defendants Eunjung and Jason Cardiff and Third Party Jacques Poujade Should Not Be Held in Contempt of This Court's Preliminary Orders and Sanctioned Until They Comply Fully with Those Orders ("OSC") on June 24, 2019. (OSC, ECF No. 140.)  Defendants filed a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>CV 16-8602 SJO (RAOx)</u>　　　　**DATE:** <u>October 29, 2019</u>

Memorandum in Opposition to Notice of Motion and Motion for Order to Show Cause re: Contempt on July 8, 2019. (ECF No. 147.) Third Party-Objector Jacques Poujade also filed a Memorandum in Opposition to Notice of Motion and Motion for Order to Show Cause re: Contempt on July 8, 2019. (ECF No. 148.) Poujade filed a Corrected Opposition on July 11, 2019. (ECF No. 153.) Plaintiff filed a Reply in Support of Its Motion for OSC on July 15, 2019. (ECF No. 157.) With the Court's permission, Poujade filed a Sur-Reply. (ECF Nos. 164, 167.) Poujade then filed a Supplement in Support of Jacques Poujade's Response to the Order to Show Cause. (ECF No. 169.) Plaintiff filed a Reply to Supplement in Support of Jacque Poujade's Response to the Order to Show Cause. (ECF No. 172.) Poujade filed a Second Supplement to His Response to Court's Order to show Cause. (ECF No. 173.)

**Second,** Receiver Robb Evans & Associates LLC ("Receiver") also made several filings during this time period. The Receiver filed a Temporary Receiver's Affidavit on Noncompliance for Temporary Restraining Order on October 23, 2018. (ECF No. 106.) The Receiver filed a Second Affidavit on the Cardiffs' Non-Compliance with the Temporary Restraining Order and Continuing Non-Compliance with Preliminary Injunction on July 2, 2019. (ECF No. 144.) Poujade filed Objections to Connor Sands' Declaration and Receiver's Second Affidavit on July 8, 2019. (ECF No. 149.) The Receiver filed a Supplement to Notice of Motion and Motion for Order to Show Cause re: Contempt on July 15, 2019. (ECF No. 156.) The Receiver filed a Response to Poujade's Objections to Receiver's Second Affidavit on July 15, 2019. (ECF No. 158.) Plaintiff filed a Response to Poujade's Objections to Sands Declaration on July 15, 2019. (ECF No. 159.) Poujade filed Objections in Opposition to Notice of Motion and Motion for OSC on July 22, 2019. (ECF No. 165.) Plaintiff filed Response to Jacques Poujade's Evidentiary Objections to the Declarations of Connor Sands, Danielle Walker, Corina Grodek and Officer Kevin Phillips. (ECF No. 171.)

**Third,** the Court held a hearing on the OSC on July 29, 30, and 31, 2019 ("July Hearing"). (ECF Nos. 181, 182, 183.) At the hearing on July 29, 2019, Defendant Jason Cardiff was found in contempt of court and remanded into custody. (ECF No. 181.) At the hearing on July 30, 2019, Defendant Jason Cardiff was found to have purged his contempt of court and was released from custody. (ECF No. 182.)

**Fourth,** after the Court's July Hearing, Poujade filed Third Supplement to His Response to Court's Order to show Cause. (ECF No. 178.) Plaintiff filed its Supplement on August 8, 2019. (ECF No. 179.) Plaintiff filed Proposed Findings of Fact and Conclusions of Law on August 8, 2019. (ECF No. 180.) Poujade filed Objections to Plaintiff's Proposed Findings of Fact and Conclusions of Law on August 13, 2019. (ECF No. 192.) Defendants filed Opposition to Plaintiff's Motion for Order to Show Cause on August 13, 2019. (ECF No. 193.) Defendants filed Objections to the FTC's Findings of Fact and Conclusions of Law on August 13, 2019. (ECF No. 194.) Defendants filed Supplemental Evidence in Support of Opposition to FTC's Proposed Findings of Fact and Conclusions of Law on August 13, 2019. (ECF No. 195.) Poujade filed

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>CV 16-8602 SJO (RAOx)</u>          **DATE:** <u>October 29, 2019</u>

Response in Opposition to FTC's Proposed Findings of Fact on August 13, 2019.  (ECF No. 196.)

**Fifth,** the Court postponed the hearing set for August 19, 2019 to August 27, 2019 and encouraged the parties to explore ways in which the matter could be resolved.  (ECF No. 198.)  The Court further stated that if resolution was not possible, the parties should be prepared to present argument and testimony re Defendants' and Poujade's impossibility defense.  (ECF No. 198.)

**Sixth,** Plaintiff filed Reply to Defendants' and Poujade's Oppositions, Objections, and Supplemental Evidence in Response to Plaintiff's Proposed Findings of Fact and Conclusions of Law on August 19, 2019.  (ECF No. 199.)  Receiver filed a Third Affidavit of Non-Compliance on August 22, 2019.  (ECF Nos. 200, 201.)  Poujade filed Objections to FTC's Reply Brief on August 26, 2019.  (ECF No. 202.)  Poujade filed Objections to Receiver's Third Affidavit on August 26, 2019.  (ECF No. 203.)  Poujade filed Evidence in Support of His Objections to FTC's Proposed Findings of Fact and Conclusions of Law on August 26, 2019.  (ECF No. 204.)  Defendants filed Notice of Lodging New Opinion Related to Hearing on Motion for Order to Show Cause on August 26, 2019.  (ECF No. 205.)

**Seventh,** on August 27, 2019, the court held its hearing on Continued Order to Show Cause ("August Hearing").  (ECF No. 212.)  The Court granted the FTC's request for a full accounting from subject bank accounts, production of recorded communications between Defendants and Poujade, Defendants to turn over mobile phones, and for the parties to submit a proposed order concerning transfer of monies to custody of the receiver, preservation of dissolvable strip manufacturing machines, and Defendants' cell phones.  (ECF No. 212.)

**Eighth,** Plaintiff and Defendants filed a Proposed Stipulated Order on September 5, 2019.  (ECF No. 215.)  The Court entered Stipulated Order re Defendants' cell phones on September 10, 2019.  (ECF No. 217.)  Plaintiff and Defendants filed a Proposed Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents ("Parties' Proposed Order") on October 3, 2019.  (Parties' Proposed Order, ECF No. 225.)  Poujade filed Objections and Alternative [Proposed] Order to the same ("Poujade's Proposed Order") on October 3, 2019.  (Poujade's Proposed Order, ECF No. 226.)  Plaintiff filed Supplement to Poujade's Objections and Alternative [Proposed] Order on October 9, 2019.  (ECF No. 227.)  Poujade filed Response to FTC's Supplemental Brief on October 11, 2019.  (ECF No. 228.)

The relevant factual background is contained in the multiple hearings on the issue, ECF Nos. 181, 182, 183, 212, and in the concurrently-issued Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents.

//
//

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

CASE NO.: <u>CV 16-8602 SJO (RAOx)</u>    DATE:  <u>October 29, 2019</u>

## II. LEGAL STANDARDS

"A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding."  *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976).  "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  "Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance."  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 712 F.2d 770, 778 (9th Cir. 1983).  There is no requirement that a violation be willful and "there is no good faith exception to the requirement of obedience to a court order."  *Id.*  Nevertheless, "'substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply."  *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).

## III. DISCUSSION

The elements of civil contempt are simple: there must be: (1) a court order, and (2) a failure to comply therewith.  In the present case, the orders at issue are the TRO issued on October 24, 2018 (TRO, ECF No. 46), and the subsequent PI, issued November 8, 2018 (PI, ECF No. 59).

In Poujade's Proposed Order (Poujade's Proposed Order, ECF No. 226), and Response to FTC's Supplemental Brief (ECF No. 228), Mr. Poujade presents a number of arguments why the Parties' Proposed Order should not be filed.  Each is addressed below.

### A. Contempt

Mr. Poujade asserts that the Parties' Proposed Order should not be filed because "the Court never held Mr. Poujade in contempt."  (ECF No. 226 at 10.)  Mr. Poujade looks to the Court's statements at the parties' August Hearing for support:  "with the deposit of 1.56 million with the custody of the received, it would seem to me, to the Court, that that would resolve the contempt proceedings before the Court today."  (ECF No. 226 at 10.)

Mr. Poujade is wrong.  Mr. Poujade was in contempt of the Court's TRO and PI orders, both for his failure to deposit $1.56 million CAD to the Receiver, and his failure to turn over the manufacturing machines to the Receiver.

The Court's TRO and PI Orders made clear that assets were to be frozen (Section VII), asset holders had duties to hold, preserve, and retain assets (Section VIII), asset holders were not to interfere with the asset freeze and repatriation (Section XI), transfer all assets to the Receiver

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>CV 16-8602 SJO (RAOx)</u>          **DATE:** <u>October 29, 2019</u>

(Section XVII), and comply with expedited discovery (Section XXVI).  (PI, ECF No. 59.)  But Mr. Poujade failed to deposit $1.56 million CAD to the Receiver (instead transferring funds to his own counsel), and Mr. Poujade failed to turn over possession of three manufacturing machines to the possession of the Receiver.  Mr. Poujade's actions clearly and convincingly violated this Court's PI.

To the extent Mr. Poujade attempts to claim he did not have actual knowledge of the asset freeze imposed by the Court's TRO in October 2018, the Court made clear credibility determinations about Mr. Poujade's testimony at the July Hearing:

> Mr. Poujade, I find that you are totally unbelievable.  You lied to this Court.  You perpetrated fraud on this Court.  You did that in conjunction with the Cardiffs.  You created a paper trail perpetuating the fraud on the court.  It's unbelievable considering the positions that you hold as a financial officer.
>
> But I guess money is everything and greed is everything.  And in the pursuit of your greed, you have advanced the interest of the Cardiffs to the detriment of the public, government agencies, the receiver, and the Court.

(ECF No. 188, at 87-88.)

Mr. Poujade's contempt can be purged according to the conditions set forth in the Court's Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents.

    B. <u>Subpoena</u>

Mr. Poujade also asserts that the Parties' Proposed Order should not be entered because "the Court specifically denied a request from the FTC for such an order" directing Mr. Poujade to produce within fifteen days all communications from October 12, 2018 through present with Jason Cardiff, Eunjung Cardiff, Jacques Poujade, Richard Poujade, Ralph Olson, Dana Rohrabacher, Kamlesh Shah, Anton Drescher, Haywood Securities, Falcon, and Industrial Court L7.  (ECF No. 226 at 11.)  Mr. Poujade further asserts that commanding compliance with the FTC's subpoena would be premature, as the parties are still engaged in the normal civil discovery process, and the FTC never filed a motion to compel compliance with the subpoena.  (ECF No. 226 at 11, 12.)  Mr. Poujade further asserts that ordering production of communications between Mr. Poujade and Ralph Olson, Dana Rohrabacher, Kamlesh Shah, Anton Drescher, Haywood Securities, Falcon, and Industrial Court L7 is improper because such a request falls outside the scope of the FTC's subpoena.  (ECF No. 226 at 12.)  Mr. Poujade further asserts that the Parties' Proposed Order is overbroad, because it would encompass communications

between Mr. Poujade and his brother, Richard Poujade, including personal communications unrelated to the present action. (ECF No. 226 at 12.) Mr. Poujade further asserts that any risk of deleted data has now been mitigated by his counsel's harvesting of data. (ECF No. 228 at 3.)

The salient issue in the FTC's Motion to Compel is whether Mr. Poujade's failure to respond to its subpoena violates the expedited discovery provision in the Court's PI. (ECF No. 59 at 35.) To the extent that the requests seek discovery of: "(1) the nature, location, status, and extent of Defendants' Asserts, or (2) compliance with this Order," Mr. Poujade's failure to respond comprises contempt. (ECF No. 59 at 35.) Based on the egregious nature of Defendants' conduct, the Court granted limited, expedited discovery of parties and non-parties in its TRO and PI. Any failure to provide such discovery is a violation of the TRO and PI.

As the Court previously stated, communications between Defendants and Mr. Poujade, as well as Mr. Poujade's business associates, are relevant to the FTC's investigation of whether the Defendants remain involved in True Pharmastrip. (8-27 Tr. at 33-34.) Contrary to Mr. Poujade's assertion that "the Court did not order Mr. Poujade to produce subpoenaed communications at the August 27 hearing," the Court clearly stated that "[a]ny communications or – of any type between the Cardiffs and Mr. Poujade should be turned over." (8-27 Tr. at 34.) Indeed, the TRO and PI provide for expedited discovery. Mr. Poujade is required to comply.

The Court thus finds that any failure by Mr. Poujade to comply with the terms of this Court's Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents, including by failing to produce discovery as outlined in the expedited discovery section of the Court's PI (ECF No. 59, at 35), will result in Mr. Poujade's failure to cure contempt and invoke monetary sanctions pursuant to the Court's Order.

    C. <u>Motion to Intervene</u>

At the parties' August Hearing, counsel for Jacques Poujade represented that he would file a motion to intervene for the limited purpose of participating in discovery. Now, Mr. Poujade attempts to intervene by submitting a unilateral proposed order, in which he requests the Court order that "True Pharmastrip, Inc., may appear in this action for the limited purpose of conducting and participating in discovery so that it will have the opportunity in future proceedings to present evidence to establish that the Disputed Funds belong to True Pharmastrip, not Jason Cardiff, and are therefore not a receivership asset and must be returned." (ECF No. 226-2 at 2.)

Mr. Poujade's unilateral attempt to seek discovery side-steps the procedural requirements for seeking status as an intervenor. Specifically, Mr. Poujade has not represented whether any of the parties dispute his seeking to intervene, and thus the parties should be afforded an opportunity to oppose. (*See also* 8-27 Tr. at 15 (Court noted there may also be other claimants seeking assets)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: CV 16-8602 SJO (RAOx)**          **DATE: October 29, 2019**

    IV. RULING

For the foregoing reasons, the Court overrules Mr. Poujade's Proposed Order and Objections to the Parties' Proposed Order. The parties shall abide by the concurrently-issued Order Regarding Turnover of Funds to Receiver, Film Strip Machines, Accounting, and Production of Documents.

IT IS SO ORDERED.