1

2

3

4

5

6

7

8

9

10

FILED
CLERK, U.S. DISTRICT COURT

October 29, 2019

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> JASON CARDIFF, et al., <br><br> Defendants. | Case No. 5:18-cv-02104-SJO-PLAx <br><br> **[PROPOSED] ORDER REGARDING TURNOVER OF FUNDS TO RECEIVER, FILM STRIP MACHINES, ACCOUNTING, AND PRODUCTION OF DOCUMENTS** |

On July 29-31, 2019, the Court held a three-day contempt hearing in connection with the Federal Trade Commission's ("FTC") contempt motion (Dkt. 134) and the Court's Order to Show Cause (Dkt. 140). The Court continued the hearing on August 27, 2019 (ECF No. 212), and at the conclusion of the hearing, directed the parties to the contempt proceedings to meet and

1

1  confer regarding a stipulation addressing:  1) the transfer of $1.56 million CAD

2  to the Receiver; 2) the oral film strip manufacturing machines; 3) a full and

3  complete accounting; and 4) production of discovery responses and

4  communications.  The FTC, the Receiver, and Defendants Jason Cardiff and

5  Eunjung Cardiff have agreed to the filing of this order.  Non-party Jacques

6  Poujade has not stipulated.

7       Having considered all filings and pursuant to the hearings in this matter,

8  the Court now enters the following Order in conjunction with the concurrently-

9  issued Order Overruling Non-Party Jacques Poujade's Alternative [Proposed]

10  Order and Objection to FTC's [Proposed] Order Regarding August 27 Hearing

11  ("Related Order"):

12       1.    At the end of the three-day hearing on the Order to Show Cause

13  (July 29-31, 2019), the Court found that Jason Cardiff, Eunjung Cardiff, and

14  Jacques Poujade were in contempt of the Court's Temporary Restraining Order

15  (Dkt. 29) and Preliminary Injunction (Dkt. 59), for reasons detailed in the

16  Related Order, specifically finding that:

17       a.    Jason Cardiff and Eunjung Cardiff were totally unbelievable, that

18            they lied, that they worked in concert with each other and with

19            others to avoid and violate the conditions of the orders of the Court.

20            7/31/19 Transcript (ECF No. 188) at 390:3-390:7.

21       b.    Jacques Poujade was totally unbelievable, that he lied and

22            perpetrated a fraud on the Court in conjunction with Jason and

23            Eunjung Cardiff, and that he created a paper trail perpetuating the

24            fraud on the Court, to advance the interest of the Cardiffs to the

25            detriment of the public, government agencies, the Receiver, and the

26            Court.  7/31/19 Transcript (ECF No. 188) at 390:17-391:1.

27       2.    Based on these findings, and to resolve these proceedings, the Court

28  hereby orders the following:

2

**$1.56 million CAD**

a.  The Court has ordered counsel for Jacques Poujade – Spertus,
Landes & Umhofer LLP – to transfer $1,560,000 CAD
($1,205,984.80 USD) to the Receiver for the purpose of maintaining
those funds pending further order of the Court.  8/27/19 Transcript,
6:9-6:25.  This transfer has already been accomplished.  The transfer
of the $1.56 million CAD to the Receiver resolves the contempt
proceedings as to the money at issue.  8/27/19 Transcript, 31:19 –
31:22.

**Manufacturing Machines**

b.  The Court has ordered the Receiver to release to the possession of
True Pharmastrip, Inc. ("True Pharmastrip") the oral film strip
manufacturing machine the Receiver had sequestered on August 6,
2019, in Cathedral City, California (the "Cathedral City Machine").
8/27/19 Transcript, 31:2-31:18; 32:1-32:12; Dkt. 212.  This release
has already been accomplished.  The Receiver shall have
jurisdiction over the Cathedral City Machine until further order of
the Court and may inspect it at reasonable times with reasonable
notice.

c.  True Pharmastrip shall without unnecessary delay provide to the
Receiver the name, address, and contact information for the
Colorado facility where the second oral film strip manufacturing
machine (the "Colorado Machine") will be installed and operated.
The Receiver shall have jurisdiction over the Colorado Machine
until further order of the Court and may inspect it at reasonable
times with reasonable notice.

d.  Upon delivery of the third oral film strip manufacturing machine
(the "Third Machine"), True Pharmastrip shall identify to the

1    Receiver the name, address, and contact information for the facility

2    where it will be installed and operated.  The Receiver shall have

3    jurisdiction over the Third Machine until further order of the Court

4    and may inspect it at reasonable times with reasonable notice.

5    e.    The Court has ordered that it would "allow the machines to be used

6    [by True Pharmastrip] under the jurisdiction of the Court" (8/27/19

7    Transcript, 31:4-31:5); by receiving and operating the machines,

8    True Pharmastrip has waived any jurisdictional defenses to

9    enforcement of this Order.  The Court has made it clear that it is not

10    condoning that the machines can be used for a purpose that may be

11    a violation of federal law.  (ECF No. 212.)

12    f.    True Pharmastrip shall not relocate, sell, or in any other way dispose

13    of the Cathedral City Machine, the Colorado Machine, or the Third

14    Machine without first obtaining permission from the Court.  The

15    Receiver must have knowledge of the location of and all relevant

16    details pertaining to the Cathedral City Machine, the Colorado

17    Machine, and the Third Machine at all times.  Pending further

18    orders of this Court with respect thereto, the Cathedral City

19    Machine, the Colorado Machine, and the Third Machine are subject

20    to the lien rights of the Receiver under state and federal law, and are

21    subject to those portions of the Preliminary Injunction (Dkt. 59) that

22    prevent third parties from taking any actions or conducting any

23    levies as to such machines.  True Pharmastrip shall provide to the

24    Receiver all documentation concerning the machines and their

25    purchase and transfer within five days of the entry of this Order.

26    **Accounting of Assets**

27    g.    Eunjung Cardiff and Jason Cardiff ("the Cardiffs") shall produce to

28    the FTC and the Receiver a full and detailed accounting, under oath,

4

of all assets held by, for the benefit of, or otherwise controlled,
directly or indirectly, by Eunjung Cardiff or Jason Cardiff (or both)
for the period from July 31, 2018 to the date of this Order.  The
detailed accounting shall include each deposit/credit to, and each
withdrawal/debit from, all accounts, including the source of each
deposit/credit, the recipient or beneficiary of each withdrawal/debit,
and the purpose of each debit, and shall include the production of
primary source documents (e.g., bank statements, copies of fronts
and backs of checks, wires), evidencing all debits and credits from
all accounts, and not merely secondary source documents, such as
ledgers.  The documents shall be produced within thirty days of
entry of this Order.

h.    The Cardiffs and Jacques Poujade shall each produce to the FTC
and the Receiver a full and detailed accounting, under oath, of all
assets transferred into and out of accounts held by, for the benefit of,
or otherwise controlled by True Pharmastrip or any of its
subsidiaries—including any accounts with Sui & Company, any
accounts held under the company's previous name, Clover
Cannastrip Thin Film Technologies, Inc., or any accounts of
Pharmastrip Corp. or Alphatech Holdings, LLC—for the period
from July 31, 2018 to the date of this Order.  The detailed
accounting shall include each deposit/credit to, and each
withdrawal/debit from, the subject accounts, including the source of
each deposit/credit, the recipient or beneficiary of each
withdrawal/debit, and the purpose of each debit, and shall include
the production of primary source documents (e.g., bank statements,
copies of fronts and backs of checks, wires), evidencing all debits
and credits from all accounts, and not merely secondary source

5

1    documents, such as ledgers.  The documents shall be produced

2    within thirty days of entry of this Order.

3    **Other Discovery Requests**

4    i.    Eunjung Cardiff and Jason Cardiff shall within thirty days of entry

5        of this Order comply with the FTC's February 22, 2019 First

6        Request for Production of Documents.

7    j.    Jacques Poujade shall within thirty days of entry of this Order

8        comply with the FTC's April 10, 2019 Subpoena for Documents, to

9        the extent the Subpoena requests information falling within the

10       scope of this Court's expedited discovery (ECF No. 59 at 35-36) and

11       this Order.  The parties are reminded that the Court's expedited

12       discovery permits discovering: "(1) the nature, location, status, and

13       extent of Defendants' Assets; or (2) compliance with this Order."

14       (ECF No. 59 at 35.)  Such expedited discovery includes

15       communications in any form between Defendants and Mr. Poujade.

16       Such expedited discovery also includes communications between

17       Mr. Poujade and individuals/entities affiliated with Pharmastrip

18       pertaining to the nature, location, status, and extent of Defendants'

19       Assets, and compliance with the TRO and PI.  Counsel for the FTC

20       and counsel for Mr. Poujade shall continue to meet and confer to

21       accomplish Mr. Poujade's compliance.  Any discovery dispute

22       within the scope of the Court's expedited discovery and this Order

23       shall be brought to the Court's attention in a renewed motion for

24       contempt.  Any discovery dispute extending beyond the scope of

25       this Court's expedited discovery and this Order shall be resolved

26       pursuant to the Standing Order, Local Rules, and Federal Rules of

27       Procedure.

28

k.  Eunjung Cardiff, Jason Cardiff, and Jacques Poujade shall within thirty days of entry of this Order produce to the FTC all communications of any type, including emails, text messages, and encrypted chat messages (e.g., Whatsapp, Signal, Telegram), from October 12, 2018 through the present with any of the following individuals/entities: Jason Cardiff, Eunjung Cardiff, Jacques Poujade, Richard Poujade, Ralph Olson, Dana Rohrabacher, Kamlesh Shah, Anton Drescher, Haywood Securities, Falcon, and Industrial Court L7.  This Order does not require the Cardiffs to produce any communications already obtained by the FTC as a result of the Cardiffs' turnover of their mobile phones (Dkt. 217).

l.  This Order does not require the Cardiffs or Jacques Poujade to produce any information or documents they have previously produced to the FTC and/or the Receiver, including any documents obtained in the initial access of the Defendants' premises and/or pursuant to the terms of the TRO and/or the PI.

m.  All documents produced in response to this Order shall be treated in accordance with the Protective Order entered on September 24, 2019 (Dkt. 219).

3.  For each day that Defendants do not comply with the terms of this Order, for the reasons set forth in the Related Order, Defendants will be incarcerated.

4.  For each day Mr. Poujade does not comply with the terms of this Order, for the reasons set forth in the Related Order, Mr. Poujade will be ordered to pay the Court: (1) $5,000 per day for the first seven days, (2) $10,000 per day for the following seven days, (3) $15,000 per day for the following seven days, and (4) an increase of $5,000 per week until he comes into compliance.  The Court may, in its discretion, revisit Mr. Poujade's sanction and later order

1   coercive incarceration if a monetary sanction proves ineffective in securing Mr.

2   Poujade's compliance with the Court's orders.

3

4   IT IS SO ORDERED.

5   DATED: ___10/29/19_____

6

7   _____

    HON. S. JAMES OTERO

8   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28