UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Priority  | ___ |
|---|---|
| Send      | ___ |
| Enter     | ___ |
| Closed    | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u>     **DATE:** <u>January 14, 2020</u>

**TITLE:**     <u>Federal Trade Commission v. Jason Cardiff, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| Victor Paul Cruz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

**COUNSEL PRESENT FOR PLAINTIFFS:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): AMENDED ORDER DENYING THIRD PARTY TRUE PHARMASTRIP, INC.'S MOTION TO INTERVENE** [ECF No. 231]

This matter comes before the Court on Third Party True Pharmastrip, Inc.'s ("Proposed Intervenor") Motion to Intervene ("Motion"), filed October 18, 2019. (Motion, ECF No. 231). Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") filed its Opposition to True Pharmastrip, Inc.'s Motion to Intervene ("Opposition") on October 28, 2019. (Opp., ECF No. 232.) Receiver Rob Evans & Associates LLC ("Receiver") filed its Joinder of Receiver Robb Evans & Associates LLC to Federal Trade Commission's Opposition to True Pharmastrip, Inc.'s Motion to Intervene ("Joinder") on October 28, 2019. (Joinder, ECF No. 233.) Defendants Jason and Eunjung Cardiff (collectively, "Cardiff Defendants") filed a Notice of Non-Opposition to the Motion ("Non-Opposition") on October 28, 2019. (Non-Opp., ECF No. 234.) Proposed Intervenor filed its Reply in Support of True Pharmastrip, Inc.'s Motion to Intervene ("Reply") on November 4, 2019. (Reply, ECF No. 239.) On November 13, 2019, the Court found this matter suitable for decision without oral argument and vacated the hearing set for November 18, 2019. See Fed. R. Civ. P. 78(b); Scheduling Notice, ECF No. 242. For the following reasons, the Court **DENIES** the Motion.

   I.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On October 10, 2018, the FTC filed a Complaint for Permanent Injunction and Other Equitable Relief in connection with Defendants Jason Cardiff, Eunjung Cardiff, a/k/a Eunjung Lee, a/k/a Eunjung No, Danielle Cadiz, a/k/a Danielle Walker, Redwood Scientific Technologies, Inc. (California), Redwood Scientific Technologies, Inc. (Nevada), Redwood Scientific Technologies, Inc. (Delaware), Identify, LLC, Advanced Men's Institute Prolongz LLC, Run Away Products, LLC, and Carols Place Limited Partnership (collectively, "Defendants") for false and unsubstantiated claims for dissolvable film strips advertised for smoking cessation, weight loss,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u> | **DATE:** <u>January 14, 2020</u> |

and male sexual performance; a related autoship continuity program resulting in unauthorized shipments and charges; abusive telemarketing through robocalls; and unsubstantiated earnings claims for a multi-level marketing scheme.  (Compl., ECF No. 1.)

The same day, the FTC filed its *Ex Parte* Application for (1) Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue and (2) Order Waiving Notice Requirement.  (*Ex Parte* Application, ECF No. 3.)  The same day, the Court entered the *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO").  (TRO, ECF No. 29.)  The TRO, along with other directives, restrained and enjoined Defendants and their officers, agents, employees, attorneys, and parties working in concert or in participation with them, from "disposing of any Assets that are [...] owned or controlled, directly or indirectly, by any Defendant, including, but not limited to, those for which a Defendant is a signatory on the account" ("Asset Freeze").  (TRO 11-12.)  The Court also ordered the appointment of Robb Evans & Associates, LLC as the temporary receiver of the Receivership Entities and the Cardiff Defendants' assets and ordered the Receiver to protect the receivership assets, collect receivership assets from third parties, and adjust receivership liabilities.  (TRO 18-19.)  The Cardiff Defendants were served with the TRO on October 12, 2018 (Declaration of Service, ECF Nos. 38, 39), and Non-Party Jacques Poujade ("Poujade") and Proposed Intervenor were notified of the TRO by Defendant Jason Cardiff that same day (July 31, 2019 Hr'g Tr., ECF No. 188, at 390:8-16).  On November 8, 2018, the Court entered a Preliminary Injunction with Asset Freeze, Receiver, and Other Equitable Relief Against Jason Cardiff and Eunjung Cardiff ("PI"), which maintained the Asset Freeze and Receiver appointment.  (PI, ECF No. 59.)

On May 20, 2019, at the mandatory Scheduling Conference between the parties, the Court set an April 14, 2020 Discovery Cutoff, a May 11, 2020 Motion Cutoff, a July 8, 2020 Pretrial Conference, and July 14, 2020 jury trial.  (Scheduling Conf. Mins., ECF No. 117.)

On June 17, 2019, the FTC filed a Motion for an Order to Show Cause Why Defendants Eunjung and Jason Cardiff and Third Party Jacques Poujade Should Not Be Held in Contempt of the Court's Preliminary Orders and Sanctioned Until They Comply Fully with Those Orders ("Motion for OSC").  (Motion for OSC, ECF No. 134.)  The corresponding hearing date was set for July 15, 2019, but was later rescheduled to August 27, 2019.  (Continuation Entry, ECF No. 198.)  The Motion for OSC argued that the Cardiff Defendants, together with Poujade, had violated the TRO and PI by, in relevant part, concealing and transferring more than $1.5 million Canadian dollars ("CAD") in assets ordered to be frozen by the Asset Freeze.  (Motion for OSC ¶¶ 4-5.)  The Court ordered the Cardiff Defendants and Poujade to appear personally before the Court on July 30, 2019.  (Order, ECF No. 140.)  The Court later advanced the hearing to July 29, 2019.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u>                **DATE:** <u>January 14, 2020</u>

(Hearing Advancement, ECF No. 163.)  The parties submitted a voluminous number of filings prior to the hearing.  (*See* Order Overruling Objections, ECF No. 237, at 1-3.)

The Court held hearings on July 29, 30, and 31, 2019, during which the Cardiff Defendants and Poujade testified under oath.  The Court found that the Cardiff Defendants and Poujade did not testify credibly.  (*See, e.g.*, Order Overruling Objections 5 ("Mr. Poujade, I find that you are totally unbelievable.  You lied to this Court. You perpetrated fraud on this Court.  You did that in conjunction with the Cardiffs.  You created a paper trail perpetuating the fraud on the court.").)  The Court ordered the FTC to provide findings of fact and conclusions of law specifying, among other things, the assets the Cardiff Defendants failed to disclose to the Court by August 8, 2019, ordered the Cardiff Defendants and Poujade to respond by August 13, 2019, and set a hearing for August 19, 2019.  (Minutes, ECF No. 183.)  The Court later continued the August 19, 2019 hearing to August 27, 2019.  (Text Entry, ECF No. 198.)

On August 27, 2019, the Court ordered, among other things, that counsel for Poujade and Proposed Intervenor transfer $1.56 million CAD ("Disputed Funds") held in trust for Poujade to "the custody and control of the receiver."  (Aug. 27, 2019 Hr'g Tr., ECF No. 226-1, at 28.[1])  In response to counsel's concern regarding the transfer, the Receiver noted that other claimants had also expressed concerns regarding assets the Receiver held:

> I will inform the Court this counsel and his client are not the only potential claimants in the receivership estate who have expressed similar concerns.  And what the receiver has told everyone else who has expressed such a concern is when and if there is any sort of claims process set up, everyone will be given notice of it.

(Aug. 27, 2019 Hr'g Tr. 23.)

Between at least August 27, 2019 and October 15, 2019, counsel for Poujade and Proposed Intervenor attempted to meet and confer with Plaintiff pursuant to Local Rule 7-3 to stipulate to limited discovery proceedings to establish ownership of the Disputed Funds before filing the Motion.  (See Declaration of James W. Spertus in Support of True Pharmastrip, Inc.'s Motion to Intervene ("Spertus Decl."), ECF No. 231-1.)

//
//
//
//

---

[1] For ease of reference, the Court utilizes the page numbers from the ECF headers.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

CASE NO.: <u>CV 5:18-2104 SJO (PLAx)</u>              DATE: <u>January 14, 2020</u>

    II. <u>DISCUSSION</u>

        A. Legal Standard

            1. Intervention by Right

Intervention of right is governed by Federal Rule of Civil Procedure ("Rule") 24(a)(2), which states in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  A court deciding a motion to intervene must accept as true all non-conclusory allegations in the motion.  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).  Moreover, "Rule 24(a)(2) is construed broadly in favor of proposed intervenors." *U.S. ex rel. McGough v. Covington Tech. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

For an applicant's motion to intervene to succeed, the Ninth Circuit requires that she: (1) file a timely application, (2) possess a "significantly protectable" interest relating to the property or transaction that is the subject of the action, (3) be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) be inadequately represented by the parties to the action.  *Cal. ex rel. Lockyear v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  Failure to satisfy any of these requirements is fatal to a motion to intervene.  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

            2. Permissive Intervention

Rule 24(b), which applies to permissive intervention, states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  The permissive intervention standard under Rule 24(b) also requires that the movant show that her motion to intervene was timely filed.  *See* Fed. R. Civ. P. 24(b); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)).  Additionally, under Rule 24(b), the movant must establish that her claims share a common question of law or fact with the main action and that the court has an independent basis for jurisdiction over the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u> | **DATE:** <u>January 14, 2020</u> |

movant's claims.  See Fed. R. Civ. P. 24(b); *Donnelly*, 159 F.3d at 412; *Nw. Forest Res. Council*, 82 F.3d at 839.

Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention.  See *Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court."); *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (identifying nonexclusive discretionary factors that the district court may consider when deciding whether to grant permissive intervention).  In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties.  See Fed. R. Civ. P. 24(b)(2) (so providing); *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir.1989) (so holding) (aff'd on other grounds).

### B.  Intervention by Right

The Court addresses each of the four factors in turn.

#### 1.  Timeliness

Proposed Intervenor asserts its Motion is timely because discovery is ongoing and no party will be prejudiced.  (Motion 6.)  Proposed Intervenor further asserts it is timely because it brought the motion as soon as practicable, after resolution of the contempt proceedings.  (Motion 7.)

The FTC responds that Proposed Intervenor's Motion is untimely.  Proposed Intervenor filed its motion on October 18, 2019, four months after the FTC alleged Defendant Jason Cardiff moved the Disputed Funds in response to the Court's TRO.  (Opp. 2-3.)  Instead of filing its Motion at that time, Proposed Intervenor chose to rely on Poujade's defense in the contempt proceedings, and file a lawsuit in Canada seeking a declaration of ownership of the Disputed Funds.  (Opp. 3-4.)

Proposed Intervenor replies that the four-month delay is "immaterial" because it took steps during this time period, such as setting aside the Disputed Funds and giving notice of its intent to intervene.  (Reply 2.)  The FTC's cited cases are inapposite because the motions to intervene were filed in later stages of litigation.  (Reply 3.)

To determine whether Proposed Intervenor's Motion is timely, the Court considers: (1) the stage of the proceeding, (2) prejudice to other parties, and (3) the reason for and length of the delay.  *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  The first two factors weigh slightly in favor of a finding of timeliness.  Discovery remains open for several months, and the FTC's articulation of prejudice appears to be more time and expense for litigation.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u> | **DATE:** <u>January 14, 2020</u> |

However, the third factor weighs heavily in favor of a finding of untimeliness. While any protected interest may not have fully materialized until the Court ordered the Disputed Funds transferred to the Receiver, it is undisputed that the Court ordered the transfer on August 27, 2019. (Aug. 27, 2019 Hr'g Tr. 14:20-15:3.) Any protected interest indisputably arose at that point in time. But Proposed Intervenor did not file its Motion until October 18, 2019. (Motion.) Any purported "steps" taken during that time period are insufficient to justify nearly a two-month delay in seeking intervention. Thus, the Motion should be denied as untimely. Although the Court finds that the Motion is untimely, the Court evaluates the remaining factors.

> 2. Significantly Protectable Interest

Proposed Intervenor asserts it has a significantly protectable interest in the Disputed Funds because Proposed Intervenor is unable to access the Disputed Funds, either for its own use or for investment purposes. (Motion 7-8.) Proposed Intervenor further asserts the Disputed Funds are the subject of this action because the "subject" is not limited to the liability alleged by the Complaint, but rather encompasses injunctive relief sought in the action. (Motion 8.) Proposed Intervenor cites *S.E.C. v. Lefebvre*, No. C 02-3704, 2004 WL 2696731 (N.D. Cal. Mar. 31, 2004) for the proposition that a third party has a protectable interest relating to funds subject to an order freezing assets. (Motion 8.)

The FTC responds that the subject matter of this action is Defendants' deceptive and unfair practices against consumers, and Proposed Intervenor has disavowed Defendants' alleged conduct. (Opp. 5.) Proposed Intervenor's economic interest in the Disputed Funds is not sufficiently related to the consumer protection allegations, such that Proposed Intervenor should be elevated to party status. (Opp. 5-6.) *FTC v. Loss Mitigation Services*, No. SACV 09-0800-DOC (ANx), 2009 WL 10673186 (C.D. Cal. Dec. 7, 2009) is distinguishable because the proposed intervenor in that case sought to show the receiver had improperly seized funds not subject to the preliminary injunction. (Opp. 6.) Here, during the contempt proceedings, the Court already determined the Disputed Funds are subject to the PI. (Opp. 6-7.)

Proposed Intervenor replies that the FTC's two cited cases are distinguishable. In *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004), the intervenor was a judgment creditor. (Reply 3.) In *FTC v. Pricewert LLC*, No. C-09-2407 RMW, 2010 WL 94264 (N.D. Cal. Jan. 6, 2010), intervention was denied for reasons not present here. (Reply 3-4.) Instead, the same issues are present here as in *Loss Mitigation Services*, including that if the funds were improperly seized, the intervenor would have a protectable interest, and resolving the issue would be beneficial for the parties during settlement negotiations. (Reply 4.)

//

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u>            **DATE:** <u>January 14, 2020</u>

The Court finds that while Proposed Intervenor may have ***an*** interest in the Disputed Funds, its interest is too attenuated from the underlying allegations to qualify as a ***significantly protectable*** interest.  Proposed Intervenor has disavowed the Cardiff Defendants' actions with respect to the underlying dispute regarding consumer protection law violations.  Instead, Proposed Intervenor asserts the issue related to its involvement is something different: "Who really owns the Disputed Funds?"  (Reply 1.)  This question is separate and independent of the Cardiff Defendants' alleged violation of consumer protection laws.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (denying intervention where proposed intervenor's interest in collectability of a debt was "several degrees removed from the overriding public health and environmental policies that [were] the backbone of [the] litigation").  Instead, this question is relevant to whether the Disputed Funds should be included in the pool to be paid out as restitution to victims of the Cardiff Defendants, if and when that time comes.  As the Court already noted to counsel for Proposed Intervenor, "[I]f you have concerns regarding the final disposition of those funds ***at a later date in time***, your client will have its day in court to make certain claims and provide evidence to the Court that suggests that your client was duped by the Cardiffs and the monies deposited are rightfully your client's.  There may be other claimants also here."  (Aug. 27, 2019 Hr'g Tr. 14:22-15:3.)

The Court is unpersuaded by Proposed Intervenor's authority.  In *Lefebvre*, 2004 WL 2696731, the court released seized funds to the intervenor where the underlying allegation was that defendants sought sham investments, the intervenor had provided the seized funds to defendants as an investment, and where no party disputed the intervenor had a legally protectable interest in the funds.  In *Loss Mitigation Services*, 2009 WL 10673186, the court permitted limited declaratory relief intervention to determine whether a reserve account was properly seized as part of the receivership estate.  Here, the Proposed Intervenor's legally protectable interest is disputed and independent of the underlying claims, and the Court has already determined that the Disputed Funds fall within the scope of the PI.  Thus, Proposed Intervenor has no significantly protectable interest warranting intervention by right.

### 3.   Impaired or Impeded Ability to Protect Interest

Proposed Intervenor asserts its interest may be impaired without intervention because the FTC froze Defendants' assets to preserve funds for restitution to victims of Defendants' schemes.  (Motion 8-9.)  If the FTC prevails and converts the Disputed Funds to restitution, the interests of Proposed Intervenor and its investors will be impaired.  (Motion 9.)

//

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.:** <u>CV 5:18-2104 SJO (PLAx)</u>          **DATE:** <u>January 14, 2020</u>

The FTC responds that authority establishes that courts have denied intervention where summary proceedings enacted through a receiver and supervised by a district court offer adequate protection to interested non-parties. (Opp. 7-8.) The Court has already indicated it will follow such a process, specifically stating that Proposed Intervenor could have its day in court regarding the final disposition of funds at a later date in time (and noting other claimants may exist). (Opp. 8-9.) Permitting intervention at this stage would increase the burden on the Court, the parties, and the Receiver. (Opp. 9-10.)

The Receiver likewise responds that Proposed Intervenor "does not need to intervene in order to make a claim to receivership assets in this receivership estate." (Joinder 2.)

Proposed Intervenor replies that it cannot participate in a post-judgment claims resolution process, because Proposed Intervenor is not a victim or creditor. (Reply 5.)

The Court finds that Proposed Intervenor's interests will be adequately protected in a post-judgment proceeding. As the Court has already noted (and the Receiver has already confirmed), other parties have expressed concerns regarding the receivership estate. The Court finds no reason for Proposed Intervenor to have its interests elevated above those of others, especially since Proposed Intervenor can participate in post-judgment proceedings. Proposed Intervenor has asserted that it is a victim of Defendant Jason Cardiff. (Aug. 27, 2019 Hr'g Tr. 12:15-16 ("What I want to submit to the Court is that True Pharmastrip, the entity is also a victim of Jason Cardiff.").) The Court thus finds that Proposed Intervenor will have an opportunity to adequately protect its interests before the Disputed Funds are distributed as restitution.

    4. Inadequate Representation

Proposed Intervenor asserts that the parties will not adequately represent its interests with respect to the Disputed Funds. The FTC asserts the Disputed Funds are Jason Cardiff's assets, while the Proposed Intervenor asserts they are not. (Motion 9.) The Cardiff Defendants assert the Disputed Funds belong to Proposed Intervenor, and that the Cardiff Defendants have no control over the funds. (Motion 10.) Additionally, Proposed Intervenor asserts it is also a victim of the Cardiff Defendants. (Motion 10.)

The FTC responds that Proposed Intervenor can represent its own interests during the ancillary claims-resolution proceedings. (Opp. 10.)

Proposed Intervenor does not directly address this factor in its Reply.

As an initial matter, it is unclear to the Court why the Cardiff Defendants cannot adequately represent Proposed Intervenor's interests, where the Cardiff Defendants claim Proposed

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**CASE NO.: <u>CV 5:18-2104 SJO (PLAx)</u>**          **DATE: <u>January 14, 2020</u>**

Intervenor has control over the funds.  It is further unclear to the Court what discovery from the parties Proposed Intervenor requires to substantiate its claims that funds in its own possession belong to it.  Nevertheless, the Court agrees that Proposed Intervenor's interests can be adequately represented during the claims resolution process, before the Disputed Funds are distributed as restitution.

      C. Permissive Intervention

In the alternative, Proposed Intervenor asserts it should be permitted to intervene under Rule 24(b)(1)(B).  Proposed Intervenor argues there is a common question of fact as to whether the Disputed Funds are a proper source of restitution under the PI.  (Motion 11.)  Proposed Intervenor admits that it disputes its business is a continuation of Defendants' other businesses, but that the scope of the PI suffices to render a common question of fact.  (Motion 11.)  Thus, Proposed Intervenor should have its day in Court.  (Motion 11.)

The FTC responds that as a threshold matter, Proposed Intervenor's Motion is untimely, for the same reasons it is untimely for invention by right.  (Opp. 10.)  Furthermore, while Proposed Intervenor argues the Disputed Funds should not be held pursuant to the PI, Poujade already made (and lost) the same argument during contempt proceedings.  (Opp. 11.)  Allowing intervention on the same basis now would introduce additional issues, complicate the Receiver's duties in determining the interests of all creditors and consumers, and increase the time and expense of litigation.  (Opp. 11.)

For the reasons noted above, the Court finds Proposed Intervenor's Motion untimely.  (*See supra*, Section II.B.1.)  The Court has already determined that the Disputed Funds fall within the purview of the PI and are thus properly held in the possession of the Receiver.  The Court has also already determined that Proposed Intervenor may submit a claim to the Disputed Funds before they are distributed as restitution and shall have its day in Court at that time.  Thus, permissive intervention is not warranted.

   III. <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Proposed Intervenor's Motion.

IT IS SO ORDERED.