UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**JASON CARDIFF**, individually and as an owner, officer, director, or member of REDWOOD SCIENTIFIC TECHNOLOGIES, INC., a California corporation; REDWOOD SCIENTIFIC TECHNOLOGIES, Inc., a Nevada corporation; REDWOOD SCIENTIFIC TECHNOLOGIES, Inc., a Delaware corporation; IDENTIFY, LLC, a Wyoming limited liability company; ADVANCED MEN'S INSTITUTE PROLONGZ LLC, d/b/a AMI, a California limited | No. ED CV 18-2104-DMG (PLAx)<br><br>**PRELIMINARY INJUNCTION** |

1

liability company; and
RUN AWAY PRODUCTS, LLC, a New York limited liability company; and
both general and limited partner of
CAROLS PLACE LIMITED PARTNERSHIP, an Arizona limited liability partnership;

**EUNJUNG CARDIFF**, a/k/a Eunjung Lee, a/k/a Eunjung No, individually and as an owner, officer, director, or member of REDWOOD SCIENTIFIC TECHNOLOGIES, INC., a California corporation;
REDWOOD SCIENTIFIC TECHNOLOGIES, Inc., a Nevada corporation;
REDWOOD SCIENTIFIC TECHNOLOGIES, Inc., a Delaware corporation;
IDENTIFY, LLC, a Wyoming limited liability company;
ADVANCED MEN'S INSTITUTE PROLONGZ LLC, d/b/a AMI, a California limited liability company; and
RUN AWAY PRODUCTS, LLC, a New York limited liability company; and
both general and limited partner of
CAROLS PLACE LIMITED PARTNERSHIP, an Arizona limited liability partnership;

**DANIELLE CADIZ**, a/k/a Danielle Walker, individually;

|   |   |
|---|---|
| 1 |  |
| 2 | **REDWOOD SCIENTIFIC TECHNOLOGIES, INC.**, a California corporation, also d/b/a Rengalife; |
| 3 | |
| 4 | |
| 5 | **REDWOOD SCIENTIFIC TECHNOLOGIES, INC.**, a Nevada corporation; |
| 6 | |
| 7 | |
| 8 | **REDWOOD SCIENTIFIC TECHNOLOGIES, INC.**, a Delaware corporation; |
| 9 | |
| 10 | |
| 11 | **IDENTIFY, LLC**, a Wyoming limited liability company; |
| 12 | |
| 13 | **ADVANCED MEN'S INSTITUTE PROLONGZ LLC**, d/b/a AMI, a California limited liability company; |
| 14 | |
| 15 | |
| 16 | **RUN AWAY PRODUCTS, LLC**, a New York limited liability company; and |
| 17 | |
| 18 | |
| 19 | **CAROLS PLACE LIMITED PARTNERSHIP**, an Arizona limited liability partnership, |
| 20 | |
| 21 | Defendants. |
| 22 | |

Pursuant to Plaintiff Federal Trade Commission's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction [Doc. # 370], this matter came before the Court upon the June 24, 2020 Order to Show Cause ("OSC") Why a Preliminary Injunction Should Not Issue against

3

Defendant Jason Cardiff and Intervenor VPL Medical, Inc. [Doc. # 352.] On July 7, 2020, the Court held a hearing on the matter and granted the FTC's request for a Preliminary Injunction.

Accordingly, IT IS HEREBY ORDERED as follows:

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "Asset" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "Corporate Defendant(s)" means Redwood Scientific Technologies, Inc. (California), Redwood Scientific Technologies, Inc. (Nevada), Redwood Scientific Technologies, Inc. (Delaware), Identify, LLC, Advanced Men's Institute Prolongz LLC, Run Away Products, LLC, and Carols Place Limited Partnership, and each of their subsidiaries, affiliates, successors, and assigns.

C. "Defendant(s)" means Corporate Defendants, Jason Cardiff, Eunjung Cardiff, individually, collectively, or in any combination.

D. "Document" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including email and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases, and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or,

if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E. "Individual Defendant(s)" means Jason Cardiff and Eunjung Cardiff, individually, collectively, or in any combination.

F. "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

G. "Preliminary Injunction" means the November 8, 2018 Preliminary Injunction issued in this case. [Doc. # 59.]

H. "Receiver" means the receiver identified in Section XV of the Preliminary Injunction [Doc. # 59, p. 22] and any deputy receivers that shall be named by the Receiver.

I. "Receivership Entities" means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing and sale of dissolvable film strips and promotion of the Rengalife multilevel marketing program, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

J. "Receivership Property" means any Assets, wherever located, that are: (1) owned, controlled, or held by or for the benefit of the Receivership Entities, Jason Cardiff, or Eunjung Cardiff, in whole or in part; (2) in the actual or constructive possession of the Receivership Entities, Jason Cardiff, or Eunjung Cardiff; or (3) owned, controlled, or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by the Receivership Entities, Jason Cardiff, or Eunjung Cardiff, including the Jurikel Family Trust, and Carols Place Trust.

## I. ASSET FREEZE

VPL, Biztank, and Defendant Jason Cardiff, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

    1. Owned, controlled, or held, in whole or in part, by VPL;

    2. Held, in whole or in part, for the direct or indirect benefit of, VPL;

    3. In the actual or constructive possession of VPL;

    4. Held by an agent of VPL as a retainer for the agent's provision of services to VPL; or

    5. Owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by VPL;

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of VPL, either individually or jointly, or subject to access by VPL;

C. Obtaining a personal or secured loan encumbering the Assets in the name of VPL or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by VPL;

     D.    Incurring liens or other encumbrances on real property, personal property, or other Assets in the name of VPL or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by VPL;

     E.    Incurring charges or cash advances on any credit or bank card issued in the name of VPL or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by VPL; or

     F.    Cashing any checks payable to VPL.

<u>PROVIDED THAT</u> nothing in this Order shall be construed to prohibit the shipment, delivery, or passing of title by the Receiver to any VPL customer of any goods for which orders were placed or contracts were fully executed prior to service of this Order on VPL, AND THAT this Section does not prohibit any transfers to the Receiver specifically required by this Order.

## II.    DUTIES OF HOLDERS OF VPL MEDICAL, INC. ASSETS AND OTHER THIRD PARTIES

Any Person who receives actual notice of this Order (by service or otherwise) that holds, controls, or maintains custody of, or has held, controlled, or maintained custody of at any time, any account or Asset of VPL, or any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by VPL, shall:

     A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, liquidation, or other disposal of any such accounts or Assets, including the JP Morgan Chase Bank account ending 5799, as well as all Documents or other property related to such accounts or Assets;

     B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of VPL, or otherwise subject to access by VPL; and

7

C. Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth:

    1. The identification number of each such account or Asset;

    2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

    3. The identification of any safe deposit box, commercial mail box, or storage facility that is titled in the name of VPL; and

D. Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to any account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

PROVIDED THAT this Section does not prohibit any transfers to the Receiver specifically required by this Order.

**III. DUTIES OF HOLDERS OF DOCUMENTS REFERRING OR RELATING TO VPL MEDICAL, INC. ACTIVITIES**

Any Person, including any government agency, that receives actual notice of this Order (by service or otherwise) that holds, controls, or maintains custody of, any Document submitted by or on behalf of VPL, or sent by, to, or on behalf of VPL, shall preserve all such Documents and, upon the request of Plaintiff's

counsel or the Receiver, promptly provide Plaintiff's counsel or the Receiver with copies of all such Documents.

## IV. PRESERVATION OF RECORDS

VPL, Biztank, and Defendant Jason Cardiff, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or finances of VPL; (2) the business practices or finances of entities directly or indirectly under the control of VPL; or (3) the business practices or finances of entities directly or indirectly under common control with VPL; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect VPL's income, disbursements, transactions, and use of VPL's Assets.

## V. RECEIVER OF VPL MEDICAL, INC.

**IT IS FURTHER ORDERED** that the Receiver appointed in this proceeding under the Court's October 10, 2018 TRO and November 8, 2018 Preliminary Injunction is appointed as receiver of VPL and its Assets with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## VI. DUTIES AND AUTHORITY OF THE RECEIVER

The Receiver is directed and authorized to accomplish the following:

A. Assume full control of VPL by entering and taking physical possession of any VPL business locations, including 9087 Arrow Route, Suite 150, Rancho Cucamonga, CA, 91730, and 9007 Arrow Route, Suite 290, Rancho Cucamonga, CA, 91730, and any other location at which the Receiver determines

that VPL operates, except for real property used as the residence of any individual, and by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of VPL from control of, management of, or participation in, the affairs of VPL;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, VPL, wherever situated, except for real property used as the residence of any individual;

C. Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of VPL, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D. Conserve, hold, manage, and prevent the loss of all VPL Assets, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to VPL. The Receiver shall have full power to sue for, collect, and receive, all VPL Assets, and all Assets of other persons or entities whose interests are now under the direction, possession, custody, or control of, VPL;

E. Take exclusive custody, control, and possession of any payments made, due, or owing to VPL, by anyone for any reason, including by the U.S. Department of Veterans Affairs or the U.S. Department of Health and Human Services.

F. Obtain, conserve, hold, manage, and prevent the loss of all Documents of VPL, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall: divert mail; preserve all Documents of VPL that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing

usernames, passwords or other log-in credentials; take possession of all electronic Documents of VPL stored onsite or remotely; take whatever steps necessary to preserve all such Documents;

G. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

H. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by VPL prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of VPL, such as rental payments;

I. Take all steps necessary to secure and take exclusive custody of each location from which VPL operates its business.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any Internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities, including, but not limited to, telephones, computers, and tablets paid for by VPL.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the

United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

J.    Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by VPL, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

K.    Enter into and cancel contracts and purchase insurance as advisable or necessary;

L.    Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of customers who have transacted business with VPL;

M.    Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

N.    Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of VPL, or to carry out the Receiver's mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers;

O.    Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

P.    Open one or more bank accounts at designated depositories for funds of VPL.  The Receiver shall deposit all funds of VPL in such designated accounts and shall make all payments and disbursements from the receivership estate from

such accounts. The Receiver shall serve copies of monthly account statements on all parties;

    Q.    Maintain accurate records of all receipts and expenditures incurred as Receiver;

    R.    Allow Plaintiffs' representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of VPL, or any other premises where VPL conducts business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, VPL or its agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

    S.    Allow Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of VPL;

    T.    Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

    U.    Suspend business operations of VPL if in the judgment of the Receiver such operations cannot be continued legally and profitably; and

    V.    Report to this Court at reasonable intervals or as directed by the Court regarding: (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of VPL; (3) the steps the Receiver intends to take in the future to protect receivership assets, recover receivership assets from third parties, and adjust receivership liabilities; (4) the Receiver's opinion on whether any portion of the business of VPL can continue to operate legally and profitably; and (5) any other matters that the Receiver believes should be brought to the Court's attention.

## VII. TRANSFER OF VPL MEDICAL, INC, PROPERTY TO THE RECEIVER

VPL, Defendants and any other person with possession, custody or control of property of, or records relating to, VPL, shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of VPL and immediately provide, transfer, or deliver to the Receiver possession, custody, and control of, the following:

A. All Assets, including the JP Morgan Chase Bank account ending 5799, held by or for the benefit of VPL, except for real property used as the residence of any individual;

B. All Documents or Assets associated with credits, debits, or charges made on behalf of VPL, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C. All Documents of or pertaining to VPL;

D. All computers, electronic devices, mobile devices, and machines used to conduct the business of VPL;

E. All Assets and Documents belonging to other persons or entities, who have been given notice of this Order by personal service or otherwise, whose interests are under the direction, possession, custody, or control of VPL; and

F. All keys, codes, user names, passwords, key fobs, and all other means of authentication necessary to gain or to secure access to any Assets or Documents of or pertaining to VPL, including access to their business premises, means of communication, mobile phones, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset, Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## VIII. SERVICE OF THIS ORDER

Copies of this Order may be served by any means, including facsimile, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail, express delivery, by agents and employees of Plaintiff, by any law enforcement agency, by the Receiver, or by private process server, upon Biztank, VPL, and any Defendant or counsel of record for any Defendant, or any Person (including any financial institution or government agency) that may have possession, custody, or control of any Asset or Document of VPL, Biztank, or any Defendant, or of any Document submitted by or on behalf of VPL, or sent by, to, or on behalf of VPL, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## IX. CORRESPONDENCE AND SERVICE ON PLAINTIFF

For the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Elizabeth Sanger
> James A. Prunty
> Edwin Rodriguez
> Shira D. Modell
> Federal Trade Commission
> 600 Pennsylvania Ave., NW
> Washington, DC 20580
> Tel: (202) 326-2757, -2438, -3147, -3116
> Fax: (202) 326-3259
> Email:  esanger@ftc.gov; jprunty@ftc.gov; erodriguez@ftc.gov; smodell@ftc.gov

## X. DURATION OF THE ORDER

This Order shall expire upon entry of a Final Judgment in this case.

## XI. RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

DATED: July 7, 2020

                                                 DOLLY M. GEE
                                  UNITED STATES DISTRICT JUDGE