**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> ROBB EVANS & ASSOCIATES LLC, Temporary Receiver, <br><br> Receiver-Appellee, <br><br> v. <br><br> JASON CARDIFF, individually and as an owner, officer, director, or member of Redwood Scientific Technologies, Inc. a California corporation; et al., <br><br> Defendants, <br><br> and <br><br> JACQUES POUJADE, <br><br> Objector-Appellant. | No. 19-56397 <br><br> D.C. No. 5:18-cv-02104-SJO-PLA <br><br><br> MEMORANDUM* |
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. | No. 20-55066 <br><br> D.C. No. 5:18-cv-02104-SJO-PLA |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JASON CARDIFF, individually and as an owner, officer, director, or member of Redwood Scientific Technologies, Inc. a California corporation; et al.,

           Defendants,

  v.

TRUE PHARMASTRIP, INC., Proposed Intervenor,

           Movant-Appellant,

and

JACQUES POUJADE,

           Objector.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 20, 2020[**]
Pasadena, California

Before: PAEZ and OWENS, Circuit Judges, and ENGLAND,[***] District Judge.

    1. Appellant Jacques Poujade appeals the district court's decisions holding him in civil contempt for failing to transfer money to the receivership and for

---

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Morrison C. England, Jr., United States Senior Judge for the Eastern District of California, sitting by designation.

2

failing to comply with the Federal Trade Commission's ("FTC") discovery subpoena. A civil contempt order against a non-party becomes final for purposes of appeal once the district court finds the non-party to be in contempt and applies sanctions against him. *David v. Hooker, Ltd.*, 560 F.2d 412, 415–16 (9th Cir. 1977). Here, no sanctions were imposed against Poujade and he purged the contempt as to the transfer of money to the receivership. We therefore lack jurisdiction to review the contempt finding.

2. Appellant and Proposed Intervenor True Pharmastrip, Inc. ("TPI") appeals the district court's order denying as untimely its motion to intervene both as a matter of right and permissively. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's denial of a motion to intervene as a matter of right, except that we review a determination of untimeliness for an abuse of discretion. *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). A district court's denial of permissive intervention is reviewed for an abuse of discretion. *Id.* at 539.

"In determining whether a motion for intervention is timely, we consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (internal quotation marks omitted). In denying TPI's motion, the

3

district court found that TPI lacked justification for waiting almost two months to file its motion. While TPI argues this delay was caused by its meet and confer attempts with the FTC, the district court determined that this was not compelling as TPI should have realized early on that any meet and confer efforts would fail.

Accordingly, the district court did not abuse its discretion when it determined that TPI's actions were insufficient to warrant a two-month delay. Because timeliness is analyzed even more strictly for a motion for permissive intervention, TPI's alternative request for permissive intervention is necessarily untimely. *See League of United Latin Am. Citizens*, 131 F.3d at 1308.

**DISMISSED IN PART, AFFIRMED IN PART.**