SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
M. Anthony Brown (SBN 243848)
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jspertus@spertuslaw.com
tbrown@spertuslaw.com

Attorneys for Intervenor
True Pharmastrip, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Trade Commission,<br><br>                Plaintiff,<br><br>v.<br><br>Jason Cardiff, *et al.*,<br><br>                Defendants. | Case No. ED 5:18-cv-02104-DMG-PLAx<br><br>**JACQUES POUJADE AND TRUE PHARMASTRIP, INC.'S NOTICE OF MOTION AND MOTION FOR RELEASE OF DEPOSITED FUNDS**<br><br>Date: June 4, 2021<br>Time: 9:30 AM<br>Courtroom: 8C |

*MOTION FOR RETURN OF DEPOSITED FUNDS*

**TO THIS HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 4, 2021, at 9:30 am, or as soon thereafter as this matter may be heard before the Honorable Dolly M. Gee in Courtroom 8C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, non-parties Jacques Poujade and True Pharmastrip, Inc., will and hereby do move for an order directing the Receiver to return $1,205,984.80 USD plus interest that third party True Pharmastrip, Inc., deposited with the Receiver on August 27, 2021 (the "Deposited Funds"). The Deposited Funds were deposited moot arguments the FTC was making to the Court that Mr. Poujade was dissipating assets and should be held in contempt for violating a TRO entered on October 7, 2018, which was based solely on Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b). The Deposited Funds do not belong to Jason Cardiff or any defendant in this case but were deposited for safekeeping until such time as the Court would permit True Pharmastrip to establish they are not a receivership asset in the first place, and do not fall within the scope of any TRO.

On April 22, 2021, in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), the United States Supreme Court held that Section 13(b) does not authorize the FTC to seek monetary remedies, and the asset freeze in the TRO was, therefore, not valid in the first place. In light of this development, the Deposited Funds must be returned immediately because foundation for the deposit no longer exists.

This motion is made following multiple efforts by movants to schedule a meet and confer conference pursuant to L.R. 7-3. Those efforts began on April 22, 2021. Due to the FTC's internal scheduling issues, the FTC would not agree to a conference before May 4, 2021 and the conference was set for May 4, 2021

1.

*MOTION FOR RETURN OF DEPOSITED FUNDS*

1  at 11:00 am.  Then, on May 4, 2021, shortly before the scheduled conference, the
2  FTC cancelled it and refused to reschedule it.
3  Dated:  May 4, 2021              SPERTUS, LANDES & UMHOFER, LLP

By:     */s/ James W. Spertus*
        James W. Spertus
        M. Anthony Brown
        Attorneys for Jacques Poujade and
        True Pharmastrip, Inc.

# TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ........................................................................... 2

II.  ARGUMENT .................................................................................................... 4

III. CONCLUSION ................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Arakaki v. Cayetano*,
324 F3d 1078 (9th Cir. 2003)..................................................................................9

*Bureerong v. Uvawas*,
167 F.R.D. 83 (C.D. Cal. 1996) ..............................................................................6

*Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*,
642 F.3d 728 (9th Cir. 2011).................................................................................11

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998).................................................................................11

*Emp. Staffing Servs., Inc. v. Aubry*,
20 F.3d 1038 (9th Cir. 1994).................................................................................11

*Forest Conservation Council v. United States Forest Serv.*,
66 F.3d 1489 (9th Cir. 1995)...............................................................................7, 8

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997)..............................................................................5, 6

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
934 F.2d 1092 (9th Cir. 1991).................................................................................7

*S.E.C. v. Lefebvre*,
No. C 02-3704 JSW, 2004 WL 2696731 (N.D. Cal. Mar. 31, 2004) .....................8

*S.E.C. v. Navin*,
166 F.R.D. 435, 441 (N.D. Cal. 1995)..................................................................10

*Sawyer v. Bill Me Later, Inc.*,
No. CV 10-04461-SJO-JCGX,
2011 WL 13217238 (C.D. Cal. Aug. 8, 2011) .......................................................6

*Smith v. Los Angeles Unified School Dist.*,
830 F3d 843 (9th Cir. 2016)....................................................................................6

*Sw. Ctr. for Biological Diversity v. Berg*,
268 F.3d 810 (9th Cir. 2001)................................................................................6, 7

*Venegas v. Skaggs*,
867 F.2d 527 (9th Cir. 1989).................................................................................11

**Rules**

Fed. R. Civ. P. 24(a)(2) ............................................................................................9

Fed. R. Civ. P. 24(b)(1)(b)......................................................................................13

ii.

*MOTION FOR RETURN OF DEPOSITED FUNDS*

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

# MEMORANDUM OF POINTS AND AUTHORITIES

On August 27, 2019, non-party True Pharmastrip, Inc., deposited $1,560,000 CAD ($1,205,984.80 USD) with the Receiver. (Dkt. 238.) The deposit was made pursuant to an asset freeze provision in a TRO entered on October 7, 2018. For a limited time, Jason Cardiff was a signor on a True Pharmastrip bank account into which the Deposited Funds were once held. (*See* Dkt. 239.) The FTC sought requested an asset freeze in the TRO "to ensure that assets are available to make restitution to injured consumers [of Jason Cardiff and the businesses that are named as defendants in this case]." (Dkt. 5, at 61.) The sole authority for the TRO cited by the Court when issuing the TRO was Section 13(b) of the Federal Trade Commission Act (the "FTC Act"). (Dkt. 29, at 4.) The FTC then sought to have True Pharmastrip's CEA, Jacques Poujade, held in contempt for not causing True Pharmastrip, a Canadian company, to transfer the Deposited Funds to the Receiver located in the United States. True Pharmastrip transferred the funds to undersigned counsel's trust account for deposit with the Receiver to moot the FTC's dissipation arguments, and the Receiver has agreed to hold the funds in a separate interest bearing account, not to be used for any purpose, pending resolution of the issue of whether the Deposited Funds fell within the scope of the TRO in the first instance.

Although the Deposited Funds have nothing to do with the Defendants' business activities and have no connection to any consumer fraud described in the FTC's complaint against the Defendants, thereby falling outside the scope of the TRO and remaining unavailable to any of Defendant's' creditors for restitution purposes, that issue no longer needs to be resolved because there is no lawful basis for holding the Deposited Funds in light of the Supreme Court's ruling in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021). In *AMG Capital Management, LLC*, the United States Supreme Court unanimously held that Section 13(b) of the FTC Act does *not* authorize the FTC to seek

1.

monetary remedies, including restitution and disgorgement of ill-gotten gains. Because the only authority submitted by the FTC to the Court when requesting the TRO and Preliminary Injunction was Section 13(b), and because the FTC requested the TRO's asset freeze to preserve assets only for a restitution order, the TRO is invalid and must be vacated.

There is no authority for the Receiver to continue to hold the Deposited Funds, regardless of any wrongdoing by the Defendants, so third party True Pharmastrip respectfully requests an order that the Deposited Funds be returned immediately.  The Ninth Circuit has already vacated a similar preliminary injunction issued in this case which, like the TRO issued in October 2018, was used to freeze the assets of non-party VPI Medical, Inc.  *See FTC et al. v. VPL Medical Inc., et al.*, 2021 WL 1664404, at *1 (9th Cir. Apr. 28, 2021).  The Ninth Circuit's decision to vacate that preliminary injunction for the reasons requested here is now the law of the case.

True Pharmastrip sought to intervene to establish that the Deposited Funds are not a receivership asset, but the Court denied True Pharmastrip's request to intervene and ordered True Pharmastrip to wait until this case was resolved before litigating whether the Deposited Funds are a receivership asset in the first place, but there is no longer any basis for waiting because the TRO underlying the issue is invalid.  As of May 4, 2021, True Pharmastrip has been waiting 616 days for the return of its Deposited Funds.

## I.   FACTUAL BACKGROUND

On October 10, 2018, the FTC filed a civil enforcement action against Jason Cardiff, his wife Eunjung Cardiff, and several of the couple's companies, alleging violations of various federal consumer protection laws.  (Dkt. 1.)  The FTC's complaint alleges that it is brought under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404; Section 918(c) of the Electronic Fund Transfer

Act ("EFTA"), 15 U.S.C. § 1693o(c); and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105 (Dkt. 1, at ¶ 1.) In the complaint, Section 13(b) was the *only* authority the FTC cited for the Court's power to grant the relief requested, including restitution and disgorgement of ill-gotten gains. (Dkt. 1, at ¶ 129.)

With its complaint, the FTC filed an application for a TRO with asset freeze provisions, arguing that they were "necessary to ensure that assets are available to make restitution to injured consumers." (Dkts. 5, at 61.) Again, the *only* authority for the asset freeze cited in the FTC's TRO application is Section 13(b) (ECF No. 5, at 21-22), which is also the only authority cited by the Court in its order granting the TRO (ECF No. 29, at 4).[1]

On June 17, 2019, the FTC filed a motion seeking to hold non-party Jacques Poujade in contempt of court for violating the TRO's asset freeze provision. (Dkt. 134.) The FTC alleged that, at the time the TRO was entered, Jason Cardiff was a signatory on a True Pharmastrip business checking account in Canada, making the funds in the account at that time subject to the TRO's asset freeze (which is not correct). The FTC further alleged that when, shortly after the TRO was entered, Mr. Poujade transferred $1,560,000 CAD from True Pharmastrip's business checking account to one of the company's subsidiaries, his actions violated the TRO's asset freeze. (*See, e.g.*, Dkt. 180, at 16, ¶ 57.)

The funds from True Pharmastrip's business checking account transferred by Mr. Poujade were raised in legitimate private stock offerings in Canada and did not come from any of the activities alleged in the complaint. True

---

[1] The TRO also cites Federal Rule of Civil Procedure 65 and the All Writs Act, 28 U.S.C. § 1651. The former authorizes a district court to issue TROs. The latter enables a court to restrain a defendant's property in anticipation of ordering restitution. *See, e.g.*, *United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012). But neither statute authorizes the FTC to seek, or the Court to order, restitution.

Pharmastrip's investors are third parties with no connection to the Cardiffs' consumer fraud described in the FTC's complaint. The funds were located in Canada beyond the jurisdiction of the Court, but to moot the FTC's arguments that the funds could be dissipated and unavailable for restitution in the event the FTC ever proved that they should be available for restitution, True Pharmastrip voluntarily brought the funds within the Court's jurisdiction by wiring them to the attorney-client trust account of its undersigned counsel, and counsel immediately reported this fact to the FTC, the Receiver, and the Court. On August 27, 2019, the Court then ordered that the funds be deposited with the Receiver for safekeeping, which True Pharmastrip did immediately. (*See* Dkt. 237, at 4-5; Dkt. 238, at 3.)

## II.    ARGUMENT

In *AMG Capital Managment, LLC v. FTC*, 141 S. Ct. 1341 (2021), the Supreme Court unanimously held that Section 13(b) of the FTC Act "does not authorize the Commission directly to obtain court-ordered monetary relief," including restitution and disgorgement of ill-gotten gains. Based on *AMG*, the Ninth Circuit recently vacated a preliminary injunction entered in this case, which froze the assets of non-party VPL Medical, Inc. "to preserve assets pending a final judgment that could include equitable monetary relief" under Section 13(b) of the FTC Act. *See FTC et al. v. VPL Medical Inc., et al.*, 2021 WL 1664404, at *1 (9th Cir. Apr. 28, 2021). Like the VPL Medical preliminary injunction, the only authority for the TRO covering True Pharmastrip's funds (the Deposited Funds) was Section 13(b). (*See* Dkt. 29, at 4; *see also* Dkt. 352, at 7; Dkt. 370, at 14; Dkt. 389, at 3.) Thus, under the Ninth Circuit's decision in *FTC v. VPL Medical*, which is now law of the case, the TRO that the Court used to seize True Pharmastrip's funds must be vacated.

The FTC now resists the clear implications of the Ninth Circuit's rulings and *AMG* by arguing that, because it won summary judgment against the

Defendants on Count XIII, which alleges a violation of ROSCA, it can seek monetary relief against the Cardiffs under Section 19 of the FTC Act, which the FTC claims is incorporated by reference into ROSCA. (Dkt. 574, at 17.) Although the Deposited Funds do not and never did belong to Jason Cardiff or any defendant in this case, the FTC is wrong even if the Deposited Funds were owned by a defendant.

It is true that a violation of ROSCA is treated as a violation of a rule promulgated under Section 18 of the FTC Act, and that the FTC may enforce such a violation "in the same manner, by the same means, and with the same jurisdiction, powers, and duties" it has under the FTC Act. *See* 15 U.S.C. § 8404(a). However, the FTC cannot file a civil action or seek monetary relief under Section 19 of the FTC Act unless it has first "issued a final cease and desist order" to the defendant, which it has not alleged it did in this case. *See* 15 U.S.C. § 57b(a)(2), (b), and the FTC did not issue a final cease and desist order in this case. There is no allegation anywhere in FTC's complaint, the TRO application, the TRO itself, or the FTC's motion for summary judgment that the FTC issued a cease-and-desist letter to the defendants for the ROSCA violations alleged in the complaint, so the TRO and Preliminary Injunction could not be based on a ROSCA violation and that argument is meritless on its face. Because the FTC has neither alleged nor proved a precondition for filing a civil action seeking monetary relief for a violation of ROSCA, it cannot invoke Section 19's authority now to save the TRO or any lawful basis to continue to hold the Deposited Funds at issue in this motion.

## III. CONCLUSION

For the foregoing reasons, non-parties Jacques Poujade and True Pharmastrip, Inc., respectfully ask the Court to order the immediate return of the $1,205,984.80 USD ($1,560,000 CAD) that was turned over to the Receiver on August 27, 2019.

Respectfully submitted.

Dated: May 3, 2021    SPERTUS, LANDES & UMHOFER, LLP

By:    */s/ James W. Spertus*
James W. Spertus
M. Anthony Brown
Attorneys for Jacques Poujade and True Pharmastrip, Inc.