UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JASON CARDIFF, et al.,<br><br>Defendants. | Case No.  ED 5:18-cv-02104-DMG-PLAx<br><br>**[PROPOSED] ORDER FOR RELEASE OF DEPOSITED FUNDS** |

Having considered non-party Jacques Poujade and True Pharmastrip's Motion for Return of Deposited Funds, and FOR GOOD CAUSE SHOWN, THE COURT HEREBY ORDERS THAT the Receiver shall promptly return the $1,205,984.00, plus interest, that the Receiver received from Spertus, Landes & Umhofer, LLP, on August 27, 2019.

On October 10, 2018, the FTC filed a civil enforcement action against Jason Cardiff, his wife Eunjung Cardiff, and several of the couple's companies, alleging violations of various federal consumer protection laws. (Dkt. 1.) The FTC's complaint alleges that it is brought under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404; Section 918(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c); and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105 (Dkt. 1, at ¶ 1.)

The only authority cited in complaint for the Court's power to grant monetary relief, including restitution and disgorgement of ill-gotten gains, was Section 13(b) of the FTC Act. (Dkt. 1, at ¶ 129.) With its complaint, the FTC filed an application for a TRO with asset freeze provisions, arguing that they were "necessary to ensure that assets are available to make restitution to injured consumers." (Dkts. 5, at 61.) Again, the only authority for the asset freeze cited in the FTC's TRO application is Section 13(b) (ECF No. 5, at 21-22), which is also the only authority cited by the Court in its order granting the TRO (ECF No. 29, at 4).

On June 17, 2019, the FTC filed a motion seeking to hold non-party Jacques Poujade in contempt of court for violating the TRO's asset freeze provision. (Dkt. 134.) The FTC alleged that, at the time the TRO was entered, Jason Cardiff was a signatory on a True Pharmastrip business checking account in Canada, making the funds in the account at that time subject to the TRO's

asset freeze. The FTC further alleged that when, shortly after the TRO was entered, Mr. Poujade transferred $1,560,000 CAD from True Pharmastrip's business checking account to one of the company's subsidiaries, his actions violated the TRO's asset freeze. (*See, e.g.*, Dkt. 180, at 16, ¶ 57.) On August 27, 2019, the Court then ordered that the funds be deposited with the Receiver for safekeeping, which True Pharmastrip did. (*See* Dkt. 237, at 4-5; Dkt. 238, at 3.)

In *AMG Capital Managment, LLC v. FTC*, 141 S. Ct. 1341 (2021), the Supreme Court unanimously held that Section 13(b) of the FTC Act "does not authorize the Commission directly to obtain court-ordered monetary relief," including restitution and disgorgement of ill-gotten gains. Based on *AMG*, the Ninth Circuit recently vacated a preliminary injunction entered in this case, which froze the assets of non-party VPL Medical, Inc. "to preserve assets pending a final judgment that could include equitable monetary relief" under Section 13(b) of the FTC Act. *See FTC et al. v. VPL Medical Inc., et al.*, 2021 WL 1664404, at *1 (9th Cir. Apr. 28, 2021). Like the VPL Medical preliminary injunction, the only authority for the TRO covering True Pharmastrip's funds (the Deposited Funds) was Section 13(b). (*See* Dkt. 29, at 4; *see also* Dkt. 352, at 7; Dkt. 370, at 14; Dkt. 389, at 3.) Thus, under the Ninth Circuit's decision in *FTC v. VPL Medical*, which is now law of the case, the TRO that the Court used to hold True Pharmastrip's funds is not valid.

The FTC now resists the clear implications of the Ninth Circuit's rulings and *AMG* by arguing that, because it won summary judgment against the Defendants on Count XIII, which alleges a violation of ROSCA, it can seek monetary relief against the Cardiffs under Section 19 of the FTC Act, which the FTC claims is incorporated by reference into ROSCA. (Dkt. 574, at 17.) However, the FTC cannot file a civil action or seek monetary relief under Section 19 of the FTC Act unless it has first "issued a final cease and desist order" to the defendant, which it has not alleged it did in this case. *See* 15 U.S.C. § 57b(a)(2),

3

(b), and the FTC has never alleged that it issued a final cease and desist order in this case. Without any such allegation anywhere in FTC's complaint, the TRO application, the TRO itself, or the FTC's motion for summary judgment, the TRO and Preliminary Injunction could not be based on a ROSCA violation. The FTC has neither alleged nor proved a precondition for filing a civil action seeking monetary relief for a violation of ROSCA, and it cannot now invoke Section 19's authority now to save the TRO.

The Receiver must now promptly return the Deposited Funds to the firm that deposited them, which is the Spertus, Landes & Umhofer, LLP attorney-client trust account.

IT IS SO ORDERED.

DATED: _____     _____
HON. DOLLY M. GEE
UNITED STATES DISTRICT JUDGE