UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-2104-DMG (PLAx) | Date | June 29, 2021 |
| Title | *Federal Trade Commission v Jason Cardiff, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant(s) | Attorneys Present for Appellee(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—CLARIFICATION OF ORDER RE THE CARDIFFS' *EX PARTE* APPLICATION TO DIRECT RECEIVER TO RELEASE FUNDS AND FOR SANCTIONS [612]**

On May 24, 2021, the Court granted in part and denied in part the Receiver Robb Evans & Associates LLC's Sixth Fee Application and ordered, *inter alia*, that $258,820.11 in fees and to-be-calculated costs incurred up to April 21, 2021 would be paid to the Receiver from funds seized from VPL Medical, Inc. ("VPL"), and half of remaining VPL funds shall be returned to VPL, while the other half remained as Receivership Property. [Doc. # 598.]

On June 15, 2021, Defendants Jason and Eunjung Cardiff filed an *Ex Parte* Application seeking immediate release of $280,891.00 to VPL by the Receiver and a series of sanctions against the Receiver. [Doc. # 612.] Plaintiff the Federal Trade Commission ("FTC") and the Receiver filed Responses. [Doc. ## 614-15.]

After the Court issued the initial Order denying the Application [Doc. #621], the Receiver filed a report with a request for clarification. [Doc. # 622.] Due to its own misunderstanding, the Court corrects and revises its prior conclusion and now finds that the Receiver correctly understood the Court's May 24, 2021 Order. The Receiver is correct that VPL should take nothing, based on the April 21, 2021 accounting date.

But in light of the Court's ruling on the lack of monetary relief available in this action, the impending dissolution of the Asset Freeze and Receivership, and VPL's current exigencies, the Court accepts the Receiver's compromise solution to use a June 1, 2021 accounting date and release $69,282.12 to VPL immediately, prior to initiating the claims process and applying for approval of the Receiver's final fees and accounting.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 18-2104-DMG (PLAx) | Date | June 29, 2021 |
| Title | *Federal Trade Commission v Jason Cardiff, et al.* | Page | 2 of 2 |

The Court therefore **ORDERS** the Receiver to use the June 1, 2021 date as the date on which it divided the remaining VPL funds in half and to release VPL's half, totaling $69,282.12, to VPL immediately.[1]

**IT IS SO ORDERED.**

---

[1] The Court notes that the amount of Receivership fees for which VPL is responsible and the amount of funds ultimately released to VPL after the Receivership is wound up and final judgment is entered in this case could be affected by the resolution of the Poujade/TPI motion.