Stephen R. Cochell
Cochell Law Firm P.C.
5850 San Felipe Ste 500
Houston Texas 77057
(346)800-3500
srcochell@gmail.com
Admitted Pro Hac Vice

James D. White, Esq.
Law Offices of James D. White
CA Bar # 064721
PO Box 367
113 Quarter Horse Dr.
Bellevue, ID 83313
949 697 9236
jdw@jamesdwhitelaw.com

Attorneys for Defendants Jason Cardiff and VPL Medical, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JASON CARDIFF, et al.<br><br>Defendants. | Case No.: 5:18-cv-02104-SJO (PLAx)<br><br>**STIPULATION OF RECEIVER, INTER/MEDIA, JASON CARDIFF AND EUNJUNG CARDIFF, REDWOOD SCIENTIFIC, INC., TRUE PHARMASTRIP, INC., BOBBY BEDI, AND VPL MEDICAL, INC., REGARDING SALE OF 700 W. 25TH STREET, UPLAND, CALIFORNIA RESIDENCE, THE RECEIVERSHIP DISCHARGE ORDER, AND CAPPING RECEIVERSHIP FEES AND COSTS** |

4521714V1 | 078410-0061

Pursuant to the Court's direction that the parties meet and confer to resolve issues without the Court's intervention, the Receiver, Inter/Media Time Buying Corporation, Jason Cardiff and Eunjung Cardiff, Redwood Scientific, Inc., the Receivership Defendants, True Pharmastrip, Inc., Bobby Bedi, and VPL Medical, Inc., by and through their respective attorneys hereby stipulate and agree as follows:

1. On or about October 3, 2018, the FTC filed a Complaint for Permanent Injunction and other Equitable Relief. Dkt 1.

2. On October 10, 2018, the Court entered an Ex Parte Order With Asset Freeze, Appointment Of A Temporary Receiver And Other Equitable Relief And Order To Show Cause Why A Preliminary Injunction Should Not Issue.

3. On November 8th, 2018 the Court Entered A Preliminary Injunction With Asset Freeze, Receiver, And Other Equitable Relief Against Jason Cardiff And Eunjung Cardiff.

4. The Temporary Restraining Order and the Preliminary Injunction included an asset freeze. The asset freeze included, among other things, an order restraining the Cardiffs from sale of their home at 700 West 25th Street,

4521714V1 | 078410-0061

Upland, California (the "Home").  The Home is presently owned by the Carols Place Trust and the Cardiffs are the sole Trustees of said Trust.

5. The Receiver previously attempted to sell the Home (Dkt. 275) but effectively abandoned efforts to sell the Home.

6. The Receiver previously reached agreement with Intermedia to sell the Home which was approved by the Court but a buyer was not located and the Receiver ceased marketing efforts.

7. The Cardiffs have a buyer for the Home and can close on the Home by or before February 28, 2022.  The buyer, however, has indicated that he will not consummate the transaction unless there is an order entered by the Court to arrange a release of the asset freeze and lis pendens through the escrow company to assure that the agreement between the parties is consummated.

8. A Preliminary Title Report from Ticor Title show the following recorded Intermedia related liens:

> An abstract of judgment for the amount shown below and any other amounts due:
> Amount: $970,725.93
> Debtor: Jason Cardiff, Eunjung Cardiff aka Eunjung No, aka Eunjung Lee et. al.
> Creditor: Inter/Media Time Buying Corporation, a California Corporation
> Date Entered: March 27, 2017
> County: Los Angeles
> Court: Superior Court of California
> Case No. LC 102377
> Recording Date: June 16, 2017
> Recording No.: 2017-0247961, of Official Records

4521714V1 | 078410-0061

  Plaintiff: Inter/Media Time Buying Corporation
  Defendant: Jason Edward Thomas Cardiff, Individually and as Co-Trustee of the Jurikel Family Trust Dated April 24, 2014 and as Co-Trustee of the Carols Place Trust
  Dated January 17, 2017; Eunjung Cardiff aka Eunjung No, Individually and as Co-Trustee of the Jurikel Family Trust Dated April 24, 2014 and as Co-Trustee of the Carols Place Trust Dated January 17, 2017; and Does 1-100 Inclusive
  County: San Bernardino
  Court: Superior Court of the State of California
  Case No.: LC107302
  Nature of Action: Affects title to real property
  Recorded: May 30, 2018
  Recording No.: 2018-0196083, of Official Records

9. Inter/Media has advised the Receiver that the Cardiff have indicated that the Home sale price and liens are such that the net Sale proceeds will be about $425,000 ("Net Sale Proceeds"), which Inter/Media and the Cardiffs want to split 75/25, with other settlement consideration not specified.

10. The Receiver asserts liens on the Residence by operation of state and federal law ("Liens"). The Receiver has also recorded against the Residence a lis pendens ("Lis Pendens") and a certified copy of the Court's preliminary injunction. Prior to this Court's ruling that there would be no monetary judgment, the Court authorized the Receiver to sell the Residence, an effort which the Receiver stopped over a year ago, with notice to all concerned.

11. Prior to this Court's ruling that there would be no monetary judgment, the Court in 2020 approved a settlement between the Receiver and Inter/Media

4521714V1 | 078410-0061

resolving conflicting lien claims against the Residence under which the Receiver and Inter/Media acknowledged the lien claims of each, and agreed to split Net Sale Proceeds 50/50 ("Settlement"). Under the Settlement, the Receiver would receive 50% of the Net Sale Proceeds in the event that a sale of the Residence was approved by the Court. No such sale was consummated by the Receiver. The Cardiffs and Inter/Media dispute whether the Settlement applies to the proposed private Sale or any sale in which the Receiver is not the "Seller".

12. If the Settlement is not controlling, the Receiver asserts that its lien may attach to 100% of the Net Sale Proceeds of any sale.

13. *Given the agreements in this Stipulation, the attached approved Discharge Order, the current status of this receivership being in wind up, and the Settlement acknowledging the Inter/Media liens on the Residence, the Receiver sees no need for the Net Sale Proceeds to be in the receivership estate, or any current reason for the Receiver to take possession of any of the Net Sale Proceeds. The Receiver anticipates immediately releasing its lis pendens if the Court approves the Receiver not asserting the receivership liens, not enforcing the 50/50 split of the Net Sale Proceeds, and terminating its lis pendens. The Receiver sees no reason not to let the*

4521714V1 | 078410-0061

*property be released from the Asset freeze as requested and the Net Sale Proceeds be distributed pursuant to the agreement reached between Cardiff (owner of the Residence) and Intermedia (lien holder), free and clear of any liens or claims of the Receivership Estate, on condition that the Court approves this Stipulation and the attached Discharge Order, as following approval of this, which would leave only the First Deed of Trust to be paid in full in the event of a sale, payment on the Intermedia's lien based on its recorded abstract of judgment.*

14. There will be no "Net Proceeds" if the private sale is not allowed to proceed, and the Cardiffs do not intend to go forward with the Sale if the Net Sale Proceeds would not be available to them. If the Sale does not proceed, it is expected that the senior lender will foreclose once the Receivership is terminated, and neither the Cardiffs nor Intermedia (whose lien is a "junior lien" and would be eliminated in a foreclosure) will recover any money from the foreclosure.

15. If the Court agrees with the parties' position that the Home can be sold and Net Sale Proceeds distributed as agreed between Intermedia and the Cardiffs, the Receiver needs the Court to: (a) so instruct the Receiver; (b) authorize the Receiver not to take possession of any of the Net Sale

4521714V1 | 078410-0061

Proceeds, notwithstanding the Inter/Media settlement, or the Receiver's state and federal Liens on the Residence, or the order to sell the Residence; and (c) authorize the Receiver to release the Receiver's Residence Liens and terminate the Lis Pendens.

16.  The Receiver and its agents and attorneys shall file their final fee applications based on the actual fees and costs from and after September 1, 2021, but agree that any such award shall be capped at no more than $199,000. The parties to this stipulation agree not to object to a fees and costs award capped at that amount, but may address how any such fees may be allocated between and among the various sources of funds. As a result thereof, the clerk of this Court may immediately release to the Receiver the remaining amount on deposit with this Court, in the amount of $218,018.68, to make a supplemental deposit of such amount in the state court interpleader action.

17.  As part of the accommodations and agreements contained in this stipulation, the parties hereto request that the Court enter the attached consensual receivership discharge order and stipulate and agree to the entry by the Court of that order.

4521714V1 | 078410-0061

18. The FTC does not object to lifting the asset freeze to sell the Cardiff House. The FTC takes no position as to whether the proceeds from the sale of the house should be distributed as proposed by the Cardiffs and Inter/Media or added to the Court-ordered interpleader.

THE RECEIVER, INTER/MEDIA, JASON CARDIFF AND EUNJUNG CARDIFF, REDWOOD SCIENTIFIC, INC.; BOBBY BEDI, THE RECEIVERSHIP DEFENDANTS; TRUE PHARMASTRIP, INC., AND VPL MEDICAL, INC., THEREFORE STIPULATE AND AGREE THAT:

A. The Receiver shall deliver an executed Withdrawal of Notice of Pendency of Action, to be delivered to the title/escrow company with directions to file the Release with the County Land Records upon consummation of the transaction between the Buyer and the Cardiffs.

B. Intermedia shall accept and receive 75% of the Net Sale Proceeds to be paid by wire transfer directly to Intermedia. The Escrow/Title Company shall, within 24 hours of closing wire the remaining Net Sale Proceeds to the Cardiffs or Cardiffs' assignee to an account to be provided to the Escrow/Title Company.

4521714V1 | 078410-0061

C. Intermedia's acceptance of 75% of the net proceeds of the purchase price does not release the Cardiffs from the Intermedia Judgment

D. The consummation of the sale of the Home as described in this Stipulation does not constitute a violation of any prior Order of the Court and is therefore authorized to proceed.

The Court, having reviewed the Stipulation and Agreement between the Receiver, Intermedia and the Cardiffs, and being otherwise fully advised;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Stipulation and Proposed Order are hereby approved by the Court.

Signed this __ day of February 2022.

_____
Hon. Dolly Gee
United States District Judge

4521714V1 | 078410-0061

| | |
|---|---|
| /s/ Peter Bisno<br>Peter Bisno, Esq.<br>15760 Ventura Boulevard, Suite 1200<br>Encino, CA 91436<br>TEL: (818) 657-0300, ext 501<br>FAX: (818) 657-0313<br>pbisno@bisnolaw.com<br><br>**ATTORNEY FOR INTER/MEDIA TIME BUYING CORPORATION** | /s/ *Stephen R. Cochell*<br>Stephen Cochell<br>(TX SBN 24044255)<br>srcochell@gmail.com<br>The Cochell Law Firm, P.C.<br>5850 San Felipe, Ste.500<br>Houston Texas 77057<br>(346)800-3500<br><br>**ATTORNEY FOR JASON CARDIFF AND EUNJUNG CARDIFF; REDWOOD SCIENTIFIC, INC.; RECEIVERSHIP DEFENDANTS; BOBBY BEDI; VPL MEDICAL, INC.** |
| /s/ Michael Fletcher<br>Michael Fletcher<br>FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA  90017-2427<br>Phone: (323) 852-1000<br>Facsimile: (323) 651-2577<br>E-mail: mfletcher@frandzel.com<br><br>**ATTORNEY FOR THE RECEIVER** | *[signature]*<br>JAMES W. SPERTUS<br>SPERTUS, LANDES & UMHOFER, LLP<br>West Los Angeles Office:  1990 S. Bundy Dr., Suite 705 | Los Angeles, CA 90025<br>t: (310) 826-4700 | f: (310) 826-4711<br>Downtown Office:  617 W. 7th St., Suite 200 | Los Angeles, CA 90017<br>t: (213) 205-6520 | f: (213) 205-6521<br>jspertus@spertuslaw.com<br><br>**ATTORNEY FOR TRUE PHARMASTIP, INC.** |

4521714V1 | 078410-0061

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument, has been served on this 27th day of January 2022 upon all counsel of record by email, facsimile, by regular mail or pursuant to the Court's ECF system.

*/s/ Stephen R. Cochell*
Stephen R. Cochell

4521714V1 | 078410-0061