UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| FEDERAL TRADE COMMISSION, | Case No. ED CV 18-2104-DMG (PLAx) |
|---|---|
| Plaintiff, | **POST STATE COURT INTERPLEADER COMPLAINT FILING DISCHARGE ORDER, RESERVING REMAINING RECEIVER TASKS STILL TO BE COMPLETED** |
| v. | |
| JASON CARDIFF, etc., et al., | |
| Defendants. | |

Robb Evans & Associates LLC, the duly appointed and acting receiver ("Receiver") over Redwood Scientific Technologies, Inc. (California), Redwood Scientific Technologies, Inc. (Nevada), Redwood Scientific Technologies, Inc. (Delaware), Identify, LLC, Advance Men's Institute Prolongz LLC, Run Away Productions, LLC, Carols Place Limited Partnership, VPL Medical Inc., and each of their subsidiaries, affiliates, successors, and assigns, and of assets of Jason Cardiff and Eunjung Cardiff (collectively, the "Receivership Defendants"), has submitted to this Court the Receiver's *[Proposed] Post State Court Interpleader Complaint Filing Discharge Order, Reserving Remaining Receiver Tasks Still To Be Completed* ("Receiver's Proposed Discharge Order") following the Receiver's filing of that certain state court interpleader complaint entitled *Robb Evans & Associates LLC vs. Redwood Scientific Technologies, Inc., etc., et al.*, Los Angeles County Superior Court case no. 22STCV04546 ("State Court Interpleader Action").

As ordered by this Court by its minute order on January 25, 2022 (Doc. # 689), the Receiver filed the *Receiver Robb Evans & Associates LLC's Report on Interpleader Filing* ("Receiver's Interpleader Report") on February 7, 2022, within one court-day of the filing of the State Court Interpleader Action on February 4, 2022.

The Court having reviewed and considered the Receiver's Interpleader Report and the Receiver's Proposed Discharge Order, and all papers and evidence filed and cited in support thereof, and upon the stipulation filed February 28, 2022 [Doc. # 699], and finding good cause for the Court to adopt all of the Receiver's suggested courses of action in the Receiver's Interpleader Report concerning the tasks for the Receiver still to complete,

**IT IS ORDERED AS FOLLOWS**:

1. The Receiver has complied with the orders of the Court appointing the Receiver over the Receivership Defendants and subsequent orders directing the Receiver with regard to the Receivership Defendants, and has satisfactorily

completed all of its duties and obligations under all such orders except such matters as are outlined in this Order below;

2. The entirety of the Receiver's activities in connection with its administration of the receivership estate regarding the Receivership Defendants are approved;

3. Subject to the provisions of this Order below, the receivership over the Receivership Defendants is terminated and the acts of the Receiver and the Receiver's agents, including the Receiver's accountants, attorneys, members, consultants, third party contractors, and employees, and professionals and all others retained by the receivership estate, including its counsel, Frandzel Robins Bloom & Csato, L.C., and each of them ("Receiver"), described in all of the Receiver's reports filed in this action regarding the Receivership Defendants to the date of entry of this Order are approved. The Receiver is discharged from the Receiver's official duties and divested of the property of the Receivership Defendants, except as stated below. The Receiver is authorized to release and terminate any and all lien or other notice filings, wherever located, including without limitation the notice of pending action recorded in San Bernardino County against the Cardiff residence. The Receiver is fully discharged from all actual or potential claims or liabilities, known or unknown, and is fully discharged from all liability as provided by law with respect to the Receivership Defendants, the parties herein, and all third party claimants. All persons and entities who seek to commence or prosecute an action or proceeding against the receivership estate and/or the Receiver are enjoined from doing so, and this Court retains jurisdiction over any such matters;

4. Following the entry of this Order, the Receiver shall complete the following additional tasks:

**Interpleader Requirements**

In the interpleader matter, the Receiver shall now:

5. Serve the complaint-in-interpleader on the named defendants as

efficiently and expeditiously as is reasonably practicable and seek to minimize service-related delays and expenses.

6. Any named defendant not agreeable or capable of being served by email shall be the subject of further service efforts as governed by the California Code of Civil Procedure.

7. The Receiver shall handle any interpleader law and motion filings and hearings prior to the state court issuing its interpleader discharge order.

8. Once all parties have appeared or been defaulted, and assuming that there will be no further law and motion matters outstanding, the Receiver shall then file a noticed motion for the Superior Court to enter its order discharging the Receiver from the interpleader in its capacity as the plaintiff-in-interpleader, and, if necessary, the Receiver may need to request that the court expedite the hearing on the discharge motion. Any and all of the Receiver's fees, costs, and expenses associated with the interpleader action shall be the subject of the Receiver's final report and accounting in this Court, in this matter, and the Receiver's final fee applications. Such fees and costs shall not be sought to be recovered from the funds interpled in the state court.

9. Once the Superior Court has entered its discharge order as to the Receiver as the plaintiff-in-interpleader, the Receiver's involvement in the Superior Court interpleader will be at an end. The Receiver may then turn its attention to terminating the receivership estate.

**Terminating the Receivership Estate**

10. To terminate the receivership estate, the Receiver shall file a final report and accounting and final fee applications.

11. Any such further litigation over termination of this receivership estate, and/or appeals from the orders of this Court, will further delay termination of the Receivership estate and cause further fees, costs, and expenses to be paid from the remaining money in the receivership estate not deposited initially with the Superior

Court.

12. Following the expiration of the time for the filing of any notices of appeal under the Federal Rules of Appellate Procedure, following this Court's entry of an order on the Receiver's final report and accounting, and the final fee application, the clerk of this Court will disburse the remaining receivership estate funds from the funds deposited in this Court (as referenced in the Receiver's Interpleader Report), to make final distributions, including a potentially further supplemental deposit into the Superior Court in the interpleader matter, in such amounts as this Court shall further order.

13. The Receiver shall not be liable in any manner for any outstanding obligations and debts of the receivership estate regarding the Receivership Defendants and/or the receivership estate, known or unknown, and the Receiver, shall not be liable to any person or entity, including taxing authorities;

14. The Court shall reserve exclusive jurisdiction over any claim or claims, including, but not limited to, actions arising out of or related to any contract, that may be asserted against the Receiver for the services in connection with the receivership over the Receivership Defendants, and all issues that were a part of the subject matter of the receivership over the Receivership Defendants and this Order, or that have arisen or may arise therefrom. The Court shall reserve exclusive jurisdiction, and the Receiver shall retain the right to seek instructions from the Court, with regard to any subpoena, document request, or other service of process received by the Receiver at any time that seeks documents or information related to the actions of the Receiver undertaken in this action.

15. No individual or entity may take any action against the Receiver, including, but not limited to, the commencement of an action arising out of or related to any contract, without first obtaining the permission of this Court.

16. The Receiver is fully discharged from all actual or potential claims or liabilities, known or unknown, relating to acts taken or omissions made during the

receivership. No individual or entity, including without limitation (a) Jason or Eunjung Cardiff, individually or in any representative capacity, (b) Redwood Scientific Technologies, Inc., (c) any Receivership Defendant as named in any preliminary injunction, (d) VPL Medical, Inc., (e) Bobby Bedi, (f) Inter/Media Time Buying Corporation, and (g) True Pharmastrip, Inc., may take any action against the Receiver, including, but not limited to, (x) the commencement of any action, (y) the filing of any appeal, or (z) the filing of any challenge to the state court interpleader action commenced by the Receiver, including without limitation the Receiver's motion for discharge therefrom. Nothing herein prohibits actions to be filed by any person or other parties, or from pursuing any other claims against anyone, other than the Receiver.

17. Notice of the Receiver's Application was properly given.

DATED: February 28, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE